SQUIRE, SANDERS & DEMPSEY L.L.P.
Eduardo G. Roy (State Bar # 146316)
Rodney R. Patula (State Bar # 182052)
Evan S. Nadel (State Bar # 213230)
Daniel T. Balmat (State Bar # 230504)
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Tel:  +1.415.954.0200; Fax:  +1.415.393-9887

Attorneys for Plaintiff
SAN FRANCISCO BAY AREA RAPID TRANSIT
DISTRICT

MCINERNEY & DILLON, P.C.
Timothy L. McInerney (State Bar # 124807)
LeCarie S. Whitfield (State Bar # 192186)
1999 Harrison Street, Suite 1700
Oakland, CA  94612-4700
Tel:  +1.510.465.7100; Fax:  +1.510.465.8556

William J. McGahan (State Bar # 165706)
General Counsel
F.W. SPENCER & SON, INC.
1422 Harrison Street
Oakland, CA  94612
Tel:  +1.510.451.2300; Fax:  +1.510.238.1059

Attorneys for Defendants
WILLIAM D. SPENCER, F.W. SPENCER & SON,
INC., BRISBANE MECHANICAL CO., WILLIAM
MCGAHAN, and BRUCE R. BONAR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a multi-county rapid transit district established and existing under the laws of California,<br><br>        Plaintiff,<br><br>   vs.<br><br>WILLIAM D. SPENCER, an individual; F.W. SPENCER & SON, INC., a California corporation; BRISBANE MECHANICAL CO., a California corporation; WILLIAM J. MCGAHAN, an individual; BRUCE R. BONAR, an individual; and DOES 1-25,<br><br>        Defendants. | Case No.  C 04-4632 SI<br><br><br>**STIPULATED PROTECTIVE ORDER** |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    Whereas Federal Rule of Civil Procedure 26(c) provides that a protective order may be

2   issued to protect parties and persons from annoyance, embarrassment, oppression, or undue

3   burden of expense, plaintiff SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

4   ("BART") and defendants WILLIAM D. SPENCER, F.W. SPENCER & SON, INC.,

5   BRISBANE MECHANICAL CO., WILLIAM MCGAHAN, and BRUCE R. BONAR

6   (collectively, "Defendants"), by and through their respective counsel of record, hereby stipulate to

7   the following Stipulated Protective Order for the protection of information, documents and other

8   things produced, served or otherwise provided that have been designated as "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL" in this action.

10  1.    **Designated Material.**

11    1.1    <u>Definition of "Designated Material."</u>  Pursuant to this Stipulated Protective Order,

12  a party or non-party (the "Designating Party") may designate any information, material and/or

13  discovery response that is or contains, reflects or otherwise discloses an individual's identity or

14  personal information, a trade secret, proprietary business, accounting and private financial

15  information, or other confidential research, development, commercial, marketing, technical,

16  business, financial, investment, personnel or customer information, as set forth below.  All such

17  information and material and all information or material derived from it, whether marked

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" constitutes "Designated Material" under

19  this Stipulated Protective Order.

20    1.2    <u>Use of Designated Material.</u>  Unless and until otherwise ordered by the Court or

21  agreed to in writing by the parties, Designated Material will be held in confidence by each

22  receiving party and will be used by each receiving party solely for the purpose of preparing for

23  and conducting this litigation consistent with the terms of this Order, and shall not be used for any

24  business or other purpose unless agreed to in writing by all Parties to this action or as authorized

25  by further order of the Court, and will not be disclosed to any person who is not a qualified

26  recipient, except as provided in this Order.  No Designated Material shall be used or disclosed by

27  the party receiving the Designated Material except as provided under the terms of this Stipulated

28  Protective Order.  (For purposes of this Stipulated Protective Order, "disclose" or "disclosed"

-1-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    means to show, furnish or provide the original or a copy of the Designated Material, or any

2    document or information derived therefrom.)

3    2.    **Access**.

4         2.1    Materials Designated "CONFIDENTIAL."  Subject to the limitations set forth in

5    this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the

6    purposes of (i) avoiding invasions of individual privacy (including protecting the identity and

7    privacy of individuals employed by the Designating Party), (ii)  protecting trade secrets, or any

8    non-public proprietary information including but not limited to confidential business, research,

9    development, commercial, marketing, technical, financial, investment, personnel or customer

10   information relating to the Designating Party's business or personal affairs, and (iii) avoiding

11   invasions of individual privacy and  protecting proprietary information, confidential business

12   and/or non-public financial information relating to the business or personal affairs of non-parties.

13   Materials marked "CONFIDENTIAL" may not be used or disclosed for any purpose other than

14   the litigation for which such information was requested.  Materials designated

15   "CONFIDENTIAL" may only be used by, copied by, exhibited to or disclosed to the following:

16        (a)    Persons who appear on the face of Designated Material marked

17   "CONFIDENTIAL" as an author, addressee or recipient thereof;

18        (b)    Counsel of record for the parties to this action (which shall include the

19   partners, associates, legal assistants, clerical or other support staff who are employed by such

20   counsel and are working under the express direction of such counsel), to the extent reasonably

21   necessary to render professional services;

22        (c)    Subject to Section 3 below, those past and present officers, directors,

23   members and employees of any party to this action that the respective counsel of record deems

24   necessary for the preparation of this case;

25        (d)    Subject to Section 3 below, non-party consultants, independent technical or

26   business experts or other such experts retained or employed by counsel of record to assist in the

27   preparation of the case, to the extent reasonably necessary to render professional services in this

28   action ("Consultants");

-2-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1        (e)    Subject to Section 6.3 below, witnesses at deposition and/or at trial;

2        (f)    Subject to Section 8 below, the Court, Court officials (including Clerks,

3  Court Reporters and Court personnel) and the jury in this action;

4        (g)    Any Mediator(s) and/or Arbitrator(s) agreed upon by the parties or

5  appointed by the Court; and

6        (h)    Any other person to whom the parties agree in writing or that the Court

7  orders, in advance of disclosure, that the Designated Material shall be so disclosed.

8      2.2    <u>Materials Designated "HIGHLY CONFIDENTIAL."</u>  Subject to the limitations set

9  forth in this Stipulated Protective Order, Designated Material may be marked "HIGHLY

10  CONFIDENTIAL" for the purposes of protecting trade secrets within the meaning of California

11  Civil Code section 3426.1, and that relates to the Designating Party's or a non-party's business,

12  personal, or financial affairs that derives actual or potential independent value from not being

13  generally known to the public or would be of economic benefit to the Designating Party's or non-

14  party's competitor(s), confidential research development, marketing, business, investment,

15  financial or other similar non-public information protectible under California's right to privacy.

16  Materials marked "HIGHLY CONFIDENTIAL" may not be used or disclosed for any purpose

17  other than the litigation for which such information was requested.  Materials designated

18  "HIGHLY CONFIDENTIAL" may only be used by, copied by, exhibited to or disclosed to:

19        (a)    The individual whose records are marked "HIGHLY CONFIDENTIAL";

20        (b)    Persons who appear on the face of the Designated Material marked

21  HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof;

22        (c)    Outside counsel of record for the parties to this action, limited to attorneys

23  (which shall include partners and associates) and legal assistants, to the extent reasonably

24  necessary to render professional services;

25        (d)    Consultants, subject to Section 3 below;

26        (e)    Subject to Section 6.3 below, witnesses at deposition and/or at trial;

27  ///

28  ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

-3-

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

(f)     Subject to Section 8 below, the Court, Court officials (including Clerks, Court Reporters and Court personnel), and the jury in this action;

(g)     Any Mediator(s) and/or Arbitrator(s) agreed upon by the parties or appointed by the Court; and

(h)     Any other person to whom the parties agree in writing or that the Court orders, in advance of disclosure, that the Designated Material shall be so disclosed.

2.3     The designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to any information or any document that is publicly available.

3.     **Certificates Concerning Designated Material.**

3.1     Non-Consultant Recipients.  Each non-Consultant person to whom any Designated Material may be or is disclosed pursuant to the provisions of Sections 2.1 and 2.2, above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms.  This certificate shall be in the form attached as Exhibit A.  Counsel who makes any disclosure of Designated Materials pursuant to Sections 2.1 and 2.2, above, shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record at the termination of this action.

3.2     Consultant Recipients.

In preparation for trial, mediation, arbitration or analysis of claims in this matter, counsel of record for a party receiving Designated Materials may disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials to a Consultant to assist counsel in this action, subject to this Order.  Every Consultant receiving Designated Material shall, prior to disclosure of such material, execute a Consultant Certification in the form attached hereto as Exhibit B, stating that Consultant has read and understands this Order and agrees to be bound by its terms.  Counsel shall retain the original executed Consultant Certification until the conclusion of the litigation and shall provide it to opposing counsel upon request.

///

-4-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, no

2  Consultant shall be given access to "HIGHLY CONFIDENTIAL" materials before the identity of

3  that Consultant is disclosed to the Designating Party, along with a resume, curriculum vitae or

4  similar documents indicating the Consultant's current employer and work experience relevant to

5  the subject matter of the action.  The Designating Party shall have seven (7) calendar days from

6  the date of such notice within which to object in writing to the disclosure of "HIGHLY

7  CONFIDENTIAL" materials to the Consultant.  The grounds for an objection by the Designating

8  Party shall be either a conflict of interest on the part of the Consultant or a substantial risk that the

9  Consultant will intentionally or inadvertently disclose the "HIGHLY CONFIDENTIAL"

10  materials.  Counsel who has retained the consultant or expert shall also respond to the

11  Designating Party's reasonable requests for additional information about the Consultant or expert.

12  If the Designating Party does not object in writing to the other party within seven (7) calendar

13  days from the date of notice, the "HIGHLY CONFIDENTIAL" materials may be disclosed to the

14  Consultant.

15    Any dispute over the merits of the objection will be resolved by the Court.  The

16  Designating Party bears the burden of justifying the objection.  Until such time as the objection is

17  withdrawn or overruled, no "HIGHLY CONFIDENTIAL" materials shall be disclosed to the

18  Consultant.  If the objection is withdrawn or overruled, counsel retaining the Consultant shall

19  provide him or her with a copy of this Order and may disclose "HIGHLY CONFIDENTIAL"

20  materials to the Consultant.

21  4.    **Use of Designated Materials By Designating Party.**

22    Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its

23  own documents and information, nor shall it prevent the Designating Party from disclosing its

24  own confidential information or documents to any person.  Such disclosure shall not affect any

25  designations made pursuant to the terms of this Stipulated Protective Order, as long as the

26  disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of

27  the information.

28  ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

5. **Designating Materials.**

    5.1    Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

        (a)    The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior to production.

    5.2    When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials produced by someone other than the Designating Party, such designation shall be made:

        (a)    By notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail, unless either a facsimile number is not readily ascertainable or a facsimile machine is not operational, in which case service by mail shall suffice.

    5.3    Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials shall:

        (a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

        (b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Protective Order; and

        (c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

///

///

///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

5.4    Requirement of Good Faith.  The Designating Party may not designate materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL unless the Designating Party has a reasonable basis for believing that, in fact, that information is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined in this Order.

5.5    Maintenance of Material.  The recipient of any Designated Material that is provided pursuant to this Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

6.    **Designating Depositions.**

6.1    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party or testifying non-party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, during those portions of the deposition in which Designated Material is discussed or referenced all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

6.3    Notwithstanding the provisions set forth in Sections 2.1, 2.2 and 3, above, any party may use or mark Designated Material previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, except that any party shall have the right to prevent the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any deponent by adjourning the deposition and seeking a protective order prohibiting such disclosure.  Any person who is shown a deposition exhibit comprised (in whole or in part) of Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this section, but who is not otherwise entitled to access to such material under Sections 2.1, 2.2 and/or 3, above, shall not be

-7-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    allowed (except by express permission of the Designating Party) to keep a copy of the deposition

2    exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity

3    to review the deposition transcript for accuracy following the deposition.

4          6.4     Any party or deponent may, within fifteen (15) days after receiving a deposition

5    transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any

6    party or deponent so designates such material, the Designating Party or deponent shall provide

7    written notice of such designation to all parties within the fifteen-day (15) period.  Designated

8    Material within the deposition transcript or the exhibits thereto may be identified in writing or by

9    underlining the relevant portions and marking such portions "CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL."  Until the expiration of the fifteen-day (15) period, any portion of the

11   deposition (including the transcript and exhibits) not previously designated shall be treated as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to protection as provided by

13   this Stipulated Protective Order.  After the expiration of the fifteen (15) day period, if no party or

14   deponent has timely designated any additional material, then such undesignated portions of

15   transcript and/or exhibits may be disclosed without restriction.

16   7.     **Copies.**

17         Designated Materials will not be copied or otherwise reproduced by a receiving party,

18   except for transmission to qualified recipients as specified in Section 2 above or for filing with

19   the Court as specified in Section 8 below, without the written permission of the Designating Party

20   or by order of the Court.  All complete or partial copies of Designated Material shall also be

21   deemed subject to the terms of this Stipulated Protective Order.

22   8.     **Court Procedures.**

23         8.1     Disclosure of Designated Material to Court Officials.  Subject to the provisions of

24   this Section 8, Designated Material may be disclosed to the Court, Court officials or employees

25   involved in this action (including court reporters, persons operating video recording equipment at

26   depositions, and any special master or referee appointed by the Court) and the jury in this action,

27   and any interpreters interpreting on behalf of any party or witness.  With respect to submission of

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

-8-

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1   Designated Material to the Court, the parties shall strictly adhere to the provisions of Northern

2   District of California Civil Local Rules ("Civ. L.R.") 7-11 and 79-5.

3         8.2   <u>Filing Designated Material with the Court.</u> When a party seeks to file or lodge

4   Designated Material with the Court the following protocol will be followed:

5             (a)    With respect to filing or opposing a motion ("Underlying Motion"), if in

6   support of or in opposition to the motion a party seeks to submit Designated Material that it

7   believes is *properly* designated, then it shall, concurrently with filing its moving papers, file and

8   serve (service to be by facsimile, email or hand delivery) a request for an order sealing the

9   Designated Material ("Request to Seal") pursuant to Civil L.R. 7-11(including a stipulation

10   pursuant to Civil L.R. 7-12 where appropriate) and lodge the Designated Material in accordance

11   with Civil L.R. 79-5.  Any court hearing that refers to or describes confidential information may

12   be held *in camera* in the Court's discretion.

13             (b)    If a party seeks to submit Designated Material that it believes is <u>*NOT*</u>

14   properly designated in support of moving or opposing papers with respect to an Underlying

15   Motion, before filing a Motion for Administrative Relief (pursuant to Civ. L.R. 7-11) or an

16   Administrative Motion (pursuant to Civ. L.R. 79-5(d)) the party must attempt to meet and confer

17   on the issue of whether the Designated Material should be filed under seal.  If meet and confer

18   efforts do not resolve the matter, then the party shall, concurrently with filing its moving or

19   opposing papers, file and serve (service to be by facsimile, email or hand delivery) a Motion for

20   Administrative Relief or an Administrative Motion pursuant to Civil L.R. 7-11 or 79-5

21   (collectively "Administrative Motion"), and lodge the Designated Material in accordance with

22   Civil L.R. 79-5.  The Administrative Motion shall state that it was filed pursuant to a stipulated

23   protective order and that it was filed in order to allow a moving or opposing party the opportunity

24   to have certain documents filed under seal.  The points and authorities shall set forth the reasons

25   why the requesting party believes the Designated Material should <u>*NOT*</u> be filed under seal.  The

26   party who believes the Designated Material at issue should be filed under seal shall set forth its

27   position in an opposition brief, which shall be filed in accordance with the time limits imposed by

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

1  Civil L.R. 7-11 and 79-5. Any court hearing that refers to or describes confidential information

2  may be held *in camera* in the Court's discretion.

3        8.3     With respect to non-motion proceedings in which a party seeks to file Designated

4  Materials, the party shall follow Civil L.R. 7-11 and 79-5. However, no party may simply file

5  Designated Material. A party must either file its own Request to Seal or, if it does not believe the

6  Designated Material should be filed under seal, first meet and confer with the Designating Party

7  and, if the meet and confer process does not resolve the issue, file an Administrative Motion in

8  the form contemplated by Section 8.2(b), above.

9  9.   **Objections.**

10        9.1     A party may challenge the propriety of any designation under this Stipulated

11  Protective Order at any time. If any party objects to the designation of any written materials as

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party shall first state the objection by

13  letter to the Designating Party. The parties agree to confer in good faith by telephone or in person

14  to resolve any dispute respecting the terms or operation of this Stipulated Protective Order. If the

15  parties are unable to resolve such dispute, any party may then move the Court for an order

16  resolving the dispute. A challenge may be made by serving on all other parties a captioned notice

17  of objection, which shall identify with particularity the Designated Material as to which the

18  designation is challenged and state the basis for each challenge ("Notice of Objection"). Service

19  of a Notice of Objection shall be made by facsimile and by mail.

20        9.2     On, but not before, the thirtieth (30th) day after service of a Notice of Objection,

21  the challenged material shall be deemed redesignated unless the Designating Party has previously

22  filed, and served by facsimile, email or hand delivery, a motion for a protective order to maintain

23  the original designation or designating the material otherwise. In the event of such a motion, the

24  material at issue may be submitted to the Court for in camera inspection to determine whether the

25  information so designated is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the

26  meaning of this Protective Order. Upon the timely filing of such a motion, the original

27  designations shall remain effective until ten (10) days after service of notice of entry of an order

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

-10-

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    redesignating the materials, if any, and during the pendency of any writ petition filed within the

2    ten (10) day period.

3        9.3    The parties shall meet and confer in good faith prior to the filing of any motion

4    under this Section 9.

5    10.   **Non-Party Production Under This Protective Order.**

6        A non-party to this action that receives a subpoena from any party to this action may avail

7    itself, himself or herself of the rights provided by this Stipulated Protective Order by executing

8    the certificate attached hereto as Exhibit A.  Once a non-party has executed said certificate, such

9    non-party shall be entitled to the rights, remedies and relief provided by this Stipulated Protective

10   Order.

11   11.   **Non-Parties.**

12       11.1   <u>Non-Party Confidentiality.</u>  Where a discovery request, subpoena or deposition

13   question calls for otherwise discoverable information that is subject to an obligation of

14   confidentiality owed to another, the person to whom the discovery request, subpoena or

15   deposition question is directed may in its discretion promptly, and in no event later than five (5)

16   calendar days after determining that a specific item of discoverable information is subject to an

17   obligation of confidentiality owed to another:

18       (a)    identify to the party seeking the information the name and address of each

19   person whose confidentiality interests are implicated by the discovery request, subpoena or

20   deposition question, or, if the identity of the non-party itself is confidential, the existence of non-

21   party confidentiality obligations, and

22       (b)    provide to each such person whose confidentiality interests are implicated:

23           (i)    notice of such discovery request, subpoena or question seeking

24   disclosure of materials or information held under obligations of confidentiality;

25           (ii)    a statement disclosing the discoverable information and a copy of

26   any documents containing the discoverable confidential information; and

27           (iii)    a copy of this Stipulated Protective Order.

28   ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

1   Unless otherwise directed by statute, the party or non-party to whom the discovery

2   request, document or deposition subpoena, or deposition question has been directed shall produce

3   responsive information (or in the case of a deposition question, re-appear for deposition for the

4   purpose of responding to the question and reasonable follow-up questions) if the person whose

5   confidentiality interests are implicated does not object in writing to counsel for the requesting

6   party within fifteen (15) calendar days of being notified of the request. Once such an objection is

7   made, there shall be no disclosure of the confidential information to which the objection is made

8   unless the objection is withdrawn or by order of the Court. The requesting party may move the

9   Court for an order requiring disclosure of the confidential information.

10      11.2    Requests From Non-Parties. In the event any party having possession, custody or

11   control of any Designated Material receives a subpoena or other process or order to produce such

12   information in another, unrelated legal proceeding, from a non-party to this action, such party

13   shall immediately notify counsel for the Designating Party of the subpoena or other process or

14   order, furnish counsel for the Designating Party with a copy of said subpoena or other process or

15   order in a reasonable amount of time such that the Designating Party may take the necessary steps

16   to quash or otherwise object to the subpoena, and cooperate with respect to all reasonable

17   procedures sought to be pursued by the Designating Party whose interests may be affected. The

18   Designating Party asserting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

19   designation shall have the burden of defending against such subpoena, process or order. The

20   party receiving the subpoena or other process or order shall be entitled to comply with it except to

21   the extent the Designating Party asserting the "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL" designation has promptly notified the party receiving the subpoena or other

23   process or order of its intent to take immediate legal action to quash the subpoena, in which case

24   the receiving party shall not produce such Designated Material while such legal proceedings are

25   pending or where the Designating Party is successful in obtaining an order modifying or quashing

26   the subpoena or other process or order.

27   ///

28   ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    12.    **Client Communication.**

2         Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel

3    from rendering advice to their clients and, in the course of rendering such advice, relying upon

4    the examination of Designated Material.  In rendering such advice and otherwise communicating

5    with the client, however, counsel shall not disclose any Designated Material, except as permitted

6    by this Stipulated Protective Order.

7    13.    **No Prejudice.**

8         13.1    This Stipulated Protective Order shall not diminish any existing obligation or right

9    with respect to Designated Material, nor shall it prevent a disclosure to which the Designating

10   Party consents in writing before the disclosure takes place.

11        13.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of

12   a designation under this Stipulated Protective Order shall not be admissible for any purpose

13   during any proceeding on the merits of this action.

14        13.3    A party's designation of a particular document as "CONFIDENTIAL" or

15   "HIGHLY CONFIDENTIAL," or the failure to object to such a designation of a document by

16   another party, shall not be deemed an admission that the document has been properly

17   characterized as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

18        13.4    <u>Inadvertent Production.</u>  The inadvertent production or other disclosure of any

19   Designated Material without the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

20   shall not necessarily be deemed a waiver in whole or in part of the claim of protection, either as to

21   the specific document or the information disclosed, provided that promptly after discovering the

22   inadvertent production the Designating Party gives written notice to the receiving party or parties

23   that document(s) or information has been inadvertently produced or disclosed and requests that

24   such documents or information be deemed Designated Material and should be treated as such in

25   accordance with the provisions of this Stipulated Protective Order.  The receiving party or parties

26   shall thereafter treat the Designated Material as if it had been originally marked

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until such time as any dispute over

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

-13-

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    whether an inadvertent disclosure occurred has been resolved. Any such dispute as to inadvertent

2    disclosure shall be resolved pursuant to Section 8 herein.

3         13.5    Neither the provisions of this Stipulated Protective Order, nor the filing of any

4    material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of

5    any material that is subject to this Stipulated Protective Order or filed under seal pursuant to its

6    provisions. Prior to trial, the parties shall meet and confer after the pretrial conference concerning

7    appropriate methods for dealing with Designated Material at trial. All parties reserve the right to

8    seek such protections against the public disclosure of any materials in open court, at any hearing,

9    or at trial of this action.

10   14.  **Return or Destruction of Designated Materials.**

11        14.1    Within fifteen (15) days after production of Designated Material to counsel, said

12   counsel shall return to counsel for the Designating Party or to any non-party that designates

13   materials pursuant to this Stipulated Protective Order, any document(s) which said counsel

14   believes is (are) not needed for use in this litigation.

15        14.2    Within thirty (30) days of the conclusion of this litigation, including any appeals,

16   petitions, writs, and retrials, all Designated Materials marked as "HIGHLY CONFIDENTIAL"

17   and all copies or notes thereof, shall be returned to the Designating Party or its counsel, except

18   that counsel may retain their work product and copies of court filings, trial or hearing transcripts

19   and exhibits, provided such retained documents will continued to be treated as provided in this

20   Stipulated Protective Order.

21        14.3    Within sixty (60) days of the conclusion of this litigation, including any appeals,

22   petitions, writs, and retrials, all Designated Material marked as "CONFIDENTIAL" including all

23   copies or notes thereof, shall be either (i) returned to the Designating Party or its counsel or (ii)

24   shredded or otherwise completely destroyed, except that counsel may retain their work product

25   and copies of court filings, trial or hearing transcripts and exhibits. If requested by the

26   Designating Party, counsel shall certify that all CONFIDENTIAL materials have been shredded

27   or completely destroyed and shall deliver such certification to counsel of record for the

28   Designating Party at the earlier of thirty (30) days after the written request to destroy the

-14-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1    Designated Materials or sixty (60) days after the conclusion of this litigation.

2    15.    **Modification and Survival.**

3        15.1    Modification.  The restrictions imposed by this Stipulated Protective Order may

4    only be modified by written stipulation of all parties and/or by order of this Court upon a showing

5    of good cause.  The parties shall meet and confer prior to seeking Court modification of this

6    Stipulated Protective Order.

7        15.2    Survival.  This Stipulated Protective Order shall survive termination of this action,

8    including any appeals and retrials

9        15.3    Counsel of record is prohibited from retaining pleadings, attorney and Consultant

10   work product, deposition transcripts, and exhibits containing Designated Material.

11   16.    **Submission to Court's Jurisdiction.**

12       16.1    Each person who receives any Designated Material agrees to subject itself, himself

13   or herself to the jurisdiction of this Court for the purpose of any proceedings related to

14   performance under, compliance with, or violation of this Protective Order.

15       16.2    Cumulative Remedies.   In the event anyone shall violate or threaten to violate any

16   terms of the Order, the parties agree that the Producing Party may immediately apply to obtain

17   injunctive relief against such other person or entity.

18   17.    **Court's Retention of Jurisdiction.**

19       The Court retains jurisdiction to make such amendments, modifications, and additions to

20   this Stipulated Protective Order as it may from time to time deem appropriate.  Each party

21   reserves the right to seek relief from the Court, upon good cause shown, from any of the

22   provisions hereof.  Prior to seeking such relief from the Court, the parties shall meet and confer in

23   good faith in an effort to informally resolve any disputes relating to modification.

24   18.    **Notices.**  Any of the notice requirements in this Order may be waived, in whole or in part,

25   but only by a writing signed by counsel of record for the party against whom such waiver is

26   sought will be effective.

27   ///

28   ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

19.    **No Contract.**  This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

DATED: June 23, 2006                    SQUIRE, SANDERS & DEMPSEY L.L.P.


By: _____
                                        Evan Nadel

                                        Attorneys for Plaintiff
                                        SAN FRANCISCO BAY AREA RAPID TRANSIT
                                        DISTRICT


*(Signatures Continued on Next Page)*

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

1   Dated: 6/23/06                    MCINERNEY & DILLON, P.C.

2

3                                     By: _____
                                           Timothy L. McInerney
4
                                      Attorneys for Defendants
5                                     WILLIAM D. SPENCER, F.W. SPENCER & SON,
                                      INC., BRISBANE MECHANICAL CO., WILLIAM
6                                     MCGAHAN, and BRUCE R. BONAR

7   Dated:                            WILLIAM J. MCGAHAN, GENERAL COUNSEL

8

9                                     By: _____
                                           William J. McGahan
10
                                      Co-Counsel for Defendants
11                                    F.W. SPENCER & SON, INC., BRISBANE
                                      MECHANICAL CO
12

13

14                                    **ORDER**

15  IT IS SO ORDERED.

16

17  Dated: _____              _____
18                                         Honorable Susan Illston

                                      UNITED STATES DISTRICT COURT JUDGE
19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111
                              STIPULATED PROTECTIVE ORDER
                              CASE NO. C 04-4632 SI                          17

1    Dated:                              MCINERNEY & DILLON, P.C.

2

3                                        By: _____
                                                    Timothy L. McInerney

4                                        Attorneys for Defendants
                                         WILLIAM D. SPENCER,  F.W. SPENCER & SON,
5                                        INC., BRISBANE MECHANICAL CO., WILLIAM
                                         MCGAHAN, and BRUCE R. BONAR
6

7    Dated: 06/23/06                     WILLIAM J. MCGAHAN, GENERAL COUNSEL

8

9                                        By:   /s/William J. McGahan
                                                    William J. McGahan

10                                       Co-Counsel for Defendants
                                         F.W. SPENCER & SON, INC., BRISBANE
11                                       MECHANICAL CO

12

13                                       **ORDER**

14   IT IS SO ORDERED.

15

16

17   Dated:_____         _____
                                                    Honorable Susan Illston

18                                       UNITED STATES DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

17

1                              **Exhibit A**

2    **Certification Concerning Material Covered By Stipulated Protective Order**

3          I, the undersigned, hereby certify that I have carefully read the attached Stipulated

4 Protective Order entered in *San Francisco Bay Area Rapid Transit District v. Spencer et al.*,

5 United States District Court for the Northern District of California, Case No. 04-4632 SI. I

6 understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to

7 submit to the personal jurisdiction of the United States District Court for the Northern District of

8 California with respect to any proceeding related to the enforcement of this Stipulated Protective

9 Order, including any proceedings related to contempt of Court. I will not disclose Designated

10 Materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to anyone other than

11 persons specially authorized by the Stipulated Protective Order and agree to return all such

12 material which comes into my possession to counsel from whom I received such materials.

13          I declare under penalty of perjury that the foregoing is true and correct.

14

15 Name of Individual:_____

16 Company or Firm:_____

17 Address:_____

18 Telephone No:_____

19 Relationship to this action and its parties: _____

20 _____

21 _____

22

23 Dated:_____        _____

24                                Signature

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

**Exhibit B**

**Consultant Certification**

I, the undersigned, hereby certify I have carefully read the attached Stipulated Protective Order entered in *San Francisco Bay Area Rapid Transit District v. Spencer et al.*, United States District Court for the Northern District of California, Case No. 04-4632 SI (the "Action"). I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to anyone other than persons specially authorized by the Stipulated Protective Order and agree to return all such material which come into my possession to counsel from whom I received such materials. I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If, at any time after I execute this Consultant Certification and during the pendency of the Action, I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Designated Materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless and until the Court in the Action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:_____

Company or Firm:_____

Address:_____

Telephone No:_____

Relationship to this action and its parties:_____

_____

Dated:_____      Signature:_____

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

-ii-

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI

## PROOF OF SERVICE

(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I, JOHN R. AGUILAR, am a resident of the State of California and over 18 years of age and am not a party to this action.  My business address is One Maritime Plaza, Suite 300, San Francisco, California  94111-3492, which is located in the county where any non-personal service described below took place.

On June 23, 2006, a copy of the following document(s):

**STIPULATED PROTECTIVE ORDER**

was served on:

MCINERNEY & DILLON, P.C.  
Timothy L. McInerney, Esq.  
LeCarie S. Whitfield, Esq.  
1999 Harrison Street, Suite 1700  
Oakland, CA  94612-4700

**Attorneys for Defendants WILLIAM D. SPENCER, F.W. SPENCER & SON, INC., BRISBANE MECHANICAL CO., WILLIAM MCGAHAN, and BRUCE R. BONAR**

William J. McGahan, Esq.  
General Counsel  
F.W. SPENCER & SON, INC.  
1422 Harrison Street  
Oakland, CA  94612

**Co-Counsel for Defendants F.W. SPENCER & SON, INC., BRISBANE MECHANICAL CO**

Service was accomplished as follows.

☒　**By U.S. Mail.**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐　**By Facsimile.**  On the above date, I transmitted the above-mentioned document(s) by facsimile transmission machine to the parties noted above, whose facsimile transmission machine telephone number is set forth above.

☐　**By Express Service Carrier.**  On the above date, I sealed the above document(s) in an envelope or package designated by Federal Express, an express service carrier, addressed to the above, and I deposited that sealed envelope or package in a box or other facility regularly maintained by the express service carrier, or delivered that envelope to an authorized courier or driver authorized by the express service carrier to receive documents, located in San Francisco, California with delivery fees paid or otherwise provided for.

SQUIRE, SANDERS &  
DEMPSEY L.L.P.  
One Maritime Plaza, Suite 300  
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER  
CASE NO. C 04-4632 SI

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 23, 2006, at San Francisco, California.

/s/John R. Aguilar
JOHN R. AGUILAR

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111

STIPULATED PROTECTIVE ORDER
CASE NO. C 04-4632 SI