LAW OFFICES
## McINERNEY & DILLON
PROFESSIONAL CORPORATION
1999 HARRISON STREET · SUITE 1700
OAKLAND, CALIFORNIA 94612-4700

TELEPHONE (510) 465-7100
FAX (510) 465-8556

September 6, 2006

Honorable Susan Illston
District Court Judge
U.S. District Court, Northern District of California
450 Golden Gate Avenue, 19th Floor
Courtroom 19
San Francisco, CA 94102

Re:   *San Francisco Bay Area Rapid Transit District v. William D. Spencer, et al.*
      Case No. 04-04632 SI
      F.W. Spencer & Son, Inc., Brisbane Mechanical Company and William D.
      Spencer's Motion to Quash Deposition Subpoena to San Luis Gonzaga / Brisbane
      Mechanical Company Joint Venture

Dear Judge Illston:

F. W. Spencer & Son, Inc., Brisbane Mechanical Company and William D. Spencer submit this Motion to Quash the August 14, 2006 Deposition "Subpoena to San Luis Gonzaga / Brisbane Mechanical Company Joint Venture - c/o William D. Spencer, President." ("Subpoena") A true and correct copy of the subpoena is attached hereto as Exhibit 1. The Subpoena is directed to a defunct joint venture, and as such, there never was proper service of the Subpoena, nor are there any witnesses or documents responsive to the Subpoena.[1]

Objections to the Subpoena were timely served on behalf of Brisbane Mechanical Company ("Brisbane"), F. W. Spencer & Son, Inc. ("F. W. Spencer"), and on behalf of William Spencer. True and correct copies of the objections are attached hereto as Exhibits 2 and 3.

Brisbane Mechanical Company, the surviving joint venture partner of San Luis Gonzaga / Brisbane Mechanical Company, has already produced a "PMK" witness for the

---

[1] Defendants have not found case law dealing with the situation where a defunct entity is subpoenaed.

maximum 7 hours permitted under Federal Rule 36(b). True and correct copies of the depositions transcripts were submitted as exhibits to F.W. Spencer's Opposition to San Francisco Bay Area Rapid Transit District's ("BART") Motion to Compel, filed yesterday. A review of the topics for which a PMK is sought by the Subpoena demonstrates that BART has already obtained extensive and exhaustive testimony from Brisbane Mechanical Company, and this subpoena was served for purposes of harassment and to increase litigation costs. Similarly, BART has already obtained from Brisbane Mechanical Company all of the documents it now requests from the defunct joint venture.

Additionally, BART has taken the maximum 7 hours of deposition of William D. Spencer, an individual. It is clear that the Subpoena is an attempt to make an end run around the 7 hour maximum time limit for depositions.

Federal Rules of Civil Procedure, Rule 45(c)(3)(A)(iv) provides that a Court may issue an Order quashing a deposition subpoena where it subjects a person to an undue burden. Rule 45(c)(3)(B)(i) permits the Court to quash or modify a subpoena that requests trade secret information or documents.

An Order quashing the Subpoena is appropriate because there is no legitimate need for the information sought, the testimony and documents requested duplicate previous discovery, and the Subpoena was propounded to harass the Defendants and increase litigation costs.

Counsel for Defendants met and conferred orally with counsel for BART regarding the above issues. However, counsel for BART responded that Brisbane was obligated to produce William D. Spencer for further deposition testimony.

Based on the foregoing, Brisbane Mechanical Company, F.W. Spencer & Son, Inc. and William Spencer respectfully request that the Court issue an Order quashing the August 14, 2006 Deposition "Subpoena to San Luis Gonzaga / Brisbane Mechanical Company Joint Venture - c/o William D. Spencer, President".

Very Truly Yours,

LeCarie S. Whitfield