**SQUIRE, SANDERS & DEMPSEY L.L.P.**

One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

Office:  +1.415.954.0200
Fax:     +1.415.393.9887

SQUIRE | LEGAL
SANDERS | COUNSEL
| WORLDWIDE

**Direct Dial:  +1.415.954.0383**
**dbalmat@ssd.com**

September 13, 2006

<u>**VIA ECF-PACER ELECTRONIC FILING**</u>

Hon. Susan Illston
United States District Judge
**United States District Court**
**Northern District of California**
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, CA  94102

   Re: <u>*BART v. Spencer, et. al.* **(Case No. C 04 4632 SI)**</u>

Dear Judge Illston:

  Plaintiff San Francisco Bay Area Rapid Transit District ("BART") respectfully submits this letter brief in opposition to the Motion of defendants F.W. Spencer & Son, Inc. ("FWS"), Brisbane Mechanical Company ("BMC") and William D. Spencer ("Spencer") to quash the deposition and subpoena *duces tecum* to San Luis Gonzaga / Brisbane Mechanical Company Joint Venture (the "Motion").

  As with other disputes between the parties, this particular dispute stems primarily from the fact that the defendants once again have waited until the eleventh-hour to act on discovery.  In so doing, the defendants also have violated the Court's Order, entered on August 29, 2006.

  A. **<u>Facts</u>**

  On August 15, 2006 BART served on San Luis Gonzaga / Brisbane Mechanical Company Joint Venture ("SLG/BMC" or the "joint venture") a subpoena commanding the joint venture to produce documents and to designate a witness or witnesses to testify to certain enumerated topics.[1]  (*See* Exhibit 1 to the Motion.)  The subpoena was issued to SLG/BMC, care of Mr. Spencer in his purported capacity as President of the joint venture, and service was accepted by one A. Griffin, identified as the "office manager" of the joint venture. (A true and correct copy of the executed Proof of Service for the subpoena is attached hereto as Exhibit A.)

  The deposition of SLG/BMC originally was noticed for August 29th, at 9:00 a.m.  Pursuant to the Stipulation and Joint Motion of the parties dated August 25th (the "Stipulation"), and the Order of this Court dated August 29th approving the Agreed Discovery Schedule set forth in the Stipulation (the "Order"), the deposition of SLG/BMC was rescheduled to be taken on Thursday, September 7th.  No

---

[1] BART properly served Notice of the subpoena on defendants on August 14th.

CINCINNATI • CLEVELAND • COLUMBUS • HOUSTON • LOS ANGELES • MIAMI • NEW YORK • PALO ALTO • PHOENIX • SAN FRANCISCO • TALLAHASSEE • TAMPA • TYSONS CORNER
WASHINGTON DC • WEST PALM BEACH | CARACAS • RIO DE JANEIRO • SANTO DOMINGO | BRATISLAVA • BRUSSELS • BUDAPEST • FRANKFURT • LONDON • MOSCOW
PRAGUE • WARSAW | BEIJING • HONG KONG • SHANGHAI • TOKYO | ASSOCIATED OFFICES: BUCHAREST • BUENOS AIRES • DUBLIN • KYIV • MILAN • SANTIAGO

www.ssd.com

SANFRANCISCO/194477.2
62913.00001

objections to the deposition nor disputes regarding BART's right to this deposition were noted in the Stipulation.

On Tuesday, September 5th, during a break in another deposition, counsel for BART noted to defendants' counsel that the subpoena to SLG/BMC had been served, that no motion to quash the subpoena had been filed, and that, therefore, BART expected the deposition of the SLG/BMC designee to proceed on September 7th. Defendants' counsel offered no meaningful response, and certainly did not indicate that the defendants were contemplating filing a motion to quash the subpoena, or pursuing any other avenues of relief in regard to the SLG/BMC deposition.

On Wednesday, September 6th, at 4:19 p.m., too late for BART to cancel the court reporter and videographer it had engaged for the deposition, the defendants filed the instant Motion, and served the defendants' Objections to the subpoena. Contemporaneously, the defendants notified counsel for BART by e-mail that no witness would appear for SLG/BMC on September 7th. (A true and correct copy of this e-mail is attached hereto as Exhibit B.) And, indeed, on Thursday, September 7th – despite the presence of a court reporter and a videographer - no witness appeared for SLG/BMC.

  B.  <u>Argument</u>

    1.  **The Motion Should be Denied on Several Grounds**

      a.  **The defendants lack standing to object to the subpoena served on SLG/BMC**

The defendants have moved to quash a subpoena served on SLG/BMC, a third party. However, "[t]he rules of service are designed to protect the ***served party***'s rights and interests and any defect in service must be complained of by the ***served party***[.]" *Ribbens Int'l, S.A. de C.V. v. Transport Int'l Pool, Inc.*, 45 F. Supp. 2d 982, 984 (C.D. Cal. 1999)(emphasis added)(citing *United States v. Viltrakis*, 108 F.3d 1159, 1160-61 (9th Cir. 1997). In short the defendants have no standing to move to quash a subpoena served on non-party SLG/BMC.[2]

Apparently recognizing this, the defendants cite Rule 45(c)(3)(A)(iv) and move to quash to vindicate Mr. Spencer's rights, arguing that the subpoena subjects Mr. Spencer to an undue burden, because Mr. Spencer already has been deposed for seven hours in his capacity as an individual defendant. In the first instance, the subpoena did not direct the deposition of Mr. Spencer, or in any way force SLG/BMC to designate Mr. Spencer as the witness for SLG/BMC. The choice to designate a witness to speak to the specified deposition topics lies entirely with SLG/BMC, and BART will be happy to depose any witness that SLG/BMC properly designates. (In point of fact, defendant Bruce Bonar – now President of FWS – has testified that he was the sole manager of the joint venture.)[3]

---

[2]  To the extent that the Motion is brought, at least in part, by Mr. Spencer not as a defendant but rather in his capacity as the representative of SLG/BMC, this, combined with the fact that the subpoena was served on a person purporting to act on behalf of SLG/BMC, puts the lie to the argument that service was improper because SLG/BMC is "defunct." It is difficult to imagine how a defunct entity can accept service and bring motions.

[3]  The defendants also cite Rule 45(c)(3)(B), under which the Court may quash or modify a subpoena that requests trade secret information or documents, and there is some authority for the proposition that a party has standing to move to quash a subpoena to a third party that seeks the party's proprietary

Assuming that that witness will in fact be William Spencer (as suggested by the September 5th e-mail from defendants' counsel), the defendants do not, in any event, articulate exactly how deposing Mr. Spencer for some additional time subjects him to an undue burden. The defendants' position seems to be that an individual simply may not be asked to testify for more than seven hours. Of course, they offer no authority for this position, and BART submits that there is none - if the witness may be able to offer relevant testimony in a capacity other than his individual capacity, there is no logical reason that that person should not be required to submit to additional depositions. As discussed further below, BART believes that the SLG/BMC designee can offer such testimony.

      b.  **The Motion was not timely made and, in any event, did not excuse attendance at the deposition.**

SLG/BMC and Mr. Spencer based their refusal to attend the properly noticed deposition in part on the ground that the instant Motion had been filed. (*See* Exhibit B.) However, the filing of a motion to quash does not postpone the deposition. Only if the motion is granted is a subpoenaed party relieved of its duty to designate a witness and be deposed. *King v. Fidelity Nat'l Bank*, 712 F.2d 188, 191 (5th Cir. 1983); *see also Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Consequently, any motion to quash must be promptly made, so that the subpoenaing party may oppose the motion, and to allow the Court sufficient time to rule on the motion before the scheduled time for the deposition. *Id.*

In this case, the defendants sat on the deposition notice for weeks. Only when prompted by counsel for BART did they file the Motion and their Objections at the last possible minute, the evening before the scheduled deposition. The proper course of action would have been to promptly file the Motion to quash, ***proceed*** with the deposition if the Motion was not granted before the appointed time and, if the Motion were ultimately granted, move to exclude the deposition testimony, not simply to refuse to attend. To the extent that SLG/BMC (and/or Mr. Spencer) refused to attend the deposition because the Motion had been filed, and to the extent that the defendants' counsel endorsed this approach, these actions were wholly improper. *See King, supra,* 712 F.2d at 192.

      c.  **The Objections are invalid because they were served after the entry of the Court's Order extending the discovery deadlines**

The defendants have exhibited a failure to act promptly throughout the discovery process, and the Objections to the SLG/BMC subpoena filed by the defendants continue this pattern. As noted above, the Stipulation and Order set forth a discovery schedule based on objections "already raised" as of the date of the Stipulation. In other words, by the terms of the Stipulation – and the Court's Order – the parties agreed to stand on objections that had been made prior to the parties' entry into the Stipulation. That the Stipulation did not contemplate the Objections to the SLG/BMC subpoena is demonstrated by the fact that the Stipulation explicitly states that the parties disagreed as to BART's right to take the 30(b)(6) deposition of FWS, and that the parties were attempting to resolve that disagreement through the meet and confer process. By contrast, the Stipulation and Order did not identify a similar dispute regarding the deposition of SLG/BMC, nor did the defendants identify any objections to that deposition in the Stipulation. Consequently, defendants' attempt to raise these objections at this point in the proceedings contravenes the Court's August 29th Order.

---

  information. *See In re Ashworth, Inc. Secs. Litig.*, 2002 U.S. Dist. LEXIS 27991, *7 (S.D. Cal. 2002). However, the defendants do ***not*** claim that the subpoena seeks such protected information.

Hon. Susan Illston
United States District Judge
September 13, 2006
Page 4

Case3:04-cv-04632-SI   Document81   Filed09/13/06   Page4 of 5

SQUIRE, SANDERS & DEMPSEY L.L.P.

### d. Despite their assertions, the defendants failed to meet and confer in satisfaction of Rule 37.

The defendants claim that "Counsel for the Defendants met and conferred orally with counsel for BART regarding [these] issues." Although it is true that the parties did discuss the SLG/BMC deposition before the defendants filed the Motion, these discussions did not rise to the level of "meet and confer" required by F.R.C.P. 37 and L.R. 37-1, which contemplate "good faith negotiations between the parties to resolve the matter." L.R. 37-1(b). As noted, on August 29th the parties stipulated to the taking of the SLG/BMC deposition on September 7th. Between August 29th and September 5th nothing further was said about the matter. On September 5th, counsel for **BART** sought to confirm that the deposition would be taking place the morning of September 7th. Counsel for the defendants stated, in essence, that there was no more joint venture, and refused to say anything further on the matter, neither confirming nor denying that the deposition would take place. The defendants did not suggest that the instant Motion was being contemplated, and did not ask BART to reconsider the subpoena or propose specific modification of its terms. In short, there simply was no "negotiation to resolve the matter" as contemplated by the Rules. The Motion should be denied on these grounds as well.

### 2. BART Will be Prejudiced if the Motion is Granted

The defendants characterize the subpoena to SLG/BMC as an attempt to make an "end run around the 7 hour maximum time limit for depositions," and argue that the subpoena is simply a ruse to secure more time with Mr. Spencer. In addition, the defendants assert that there is no legitimate need for deposition testimony from SLG/BMC because BART has already deposed BMC. These assertions are without merit.

The actions taken - and not taken – by and in the name of SLG/BMC are integral to this case, and neither Mr. Spencer in his capacity as an individual defendant nor BMC can speak for and bind the company with their testimony. In short, SLG/BMC is neither Mr. Spencer nor BMC. BART believes that the information it is likely to obtain by deposing the joint venture is unique, and has significance independent of the information that it has obtained thus far from the defendants. For example, the defendants have produced numerous documents from the joint venture's records, including bank account statements, timesheets and "job cost detail reports" for the construction projects at issue in this case. These materials and their significance likely can only be fully interpreted and explained by the entity whose records they purport to be, *i.e.* SLG/BMC.[4]

The defendants object that the subpoena to SLG/BMC identifies deposition topics on which BMC and Spencer already have testified to some extent. For example, the subpoena asks SLG/BMC to designate a witness to speak to the contractual relationships between SLG/BMC and other entities, payments to or from SLG/BMC under those contractual relationships, and SLG/BMC's participation in DBE programs. Defendants argue that this testimony would be duplicative of discovery already obtained. This argument is specious, in that, taken to its logical conclusion, it would mean that BART could not

---

[4] For these reasons, BART determined that it was necessary to issue a subpoena to SLG/BMC. This still left open the question of the individual to actually be served, the most likely candidates being either William Spencer, who has held himself out to be both Vice-President and/or President of SLG/BMC (*See* Exhibits C, and D attached hereto.), or Virgilio Talao, the former President of San Luis Gonzaga Construction. BART served the subpoena on SLG/BMC in care of Mr. Spencer for the simple reason that, in his own deposition, Mr. Spencer testified that he had a greater role than Mr. Talao in the operation and management of SLG/BMC.

Hon. Susan Illston
United States District Judge
September 13, 2006
Page 5

Case3:04-cv-04632-SI   Document81   Filed09/13/06   Page5 of 5

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

depose both of the corporate defendants - FWS *and* BMC - about topics on which they both can be expected to have knowledge. This cannot be the law (BART has not found any case law supporting this proposition and, apparently, neither have the defendants.) BART should be allowed to depose any and all entities likely to have information relevant to the case, and it cannot seriously be argued that SLG/BMC does not fit that particular bill.

Finally, BART has suffered prejudice as a direct result of the defendants' decision to wait until the last moment to file the notice to quash, and to indicate that no witness would be produced for the September 7th deposition. Having no reason to believe that the deposition would not go forward as stipulated, BART's counsel was required to and did in fact spend significant time preparing for the deposition. This valuable time could have been spent on other aspects of this case, had the defendants moved more expeditiously. BART should be allowed to realize the benefits of this preparation by being allowed to depose SLG/BMC.

## Conclusion

It goes without saying that the joint venture of SLG/BMC is integral to this case, and it is reasonable to believe that the joint venture and its representatives are a source of relevant information that would supplement, augment, or otherwise be independent of information that can be garnered from the witnesses already deposed. However, the only way that BART can be certain of obtaining this information is by deposing the joint venture *as the joint venture*. Depositions of corporate joint venture partners and individual defendants simply will not suffice.

Consequently, BART properly noticed and served the subpoena. The defendants subsequently stipulated, without objection, that the deposition of SLG/BMC would proceed on September 7, 2006. Only after being asked, on September 5th, to confirm that the deposition would be proceeding did the defendants move to quash the deposition. However, the Motion is a case of too-little, too late. The grounds for quashing the subpoena cited by the defendants are without merit, and BART will suffer prejudice if the Motion is granted. For all of these reasons, the Court should deny the Motion.

Respectfully submitted,

/s/Daniel T. Balmat

Daniel T. Balmat

Enclosures (Exhibits A-D)

cc:  LeCarie Whitfield, Esq. (*electronically with enclosures*)