IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>Defendants.<br>_____/ | No. C 04-04632 SI<br><br>**ORDER GRANTING MOTION TO COMPEL** |

By letter brief filed August 28, 2006, plaintiff San Francisco Bay Area Rapid Transit District ("BART") moves to compel deposition testimony of defendant F.W. Spencer & Son, Inc. ("FWS"). Defendant FWS opposes plaintiff's motion to compel, but requests that if the Court permits the deposition to be taken, it grant a protective order limiting the deposition to six hours of testimony and limiting its scope to those areas not already covered in the previous depositions. Having carefully considered the papers submitted, the Court hereby GRANTS plaintiff's motion to compel and GRANTS defendant's motion for protective order limiting the deposition to six hours of testimony and limiting its scope to those areas not already covered in the previous depositions.

**LEGAL STANDARD**

Depositions are generally available without leave of the court. Fed. R. Civ. P. 30(a)(1). Any party may depose "any person, including a party." *Id.* Where a party seeks to depose a corporation, the corporation shall designate a person to testify to matters "known or reasonably available" to the corporation. Fed. R. Civ. P. 30(b)(6). The answers given by the person designated by the corporation

1 in a Rule 30(b)(6) deposition are binding on the corporation. Judge William W. Schwarzer, Judge A.
2 Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 11:1517.1 (Rutter
3 Group Practice Guide 2006).

4 Under Rule 30(d)(2), all depositions have a durational limit of one seven-hour day, unless
5 otherwise ordered by the court or stipulated by the parties. Fed. R. Civ. P. 30(d)(2). Deponents are
6 entitled to the presumption that their testimony will be limited to seven-hours even if they are testifying
7 both individually and as corporate designee under Rule 30(b)(6). Schwarzer, *supra* § 11:1517.1. The
8 court may allow particular deponents to be required to submit to questioning which exceeds the seven-
9 hour limit. *Id.* A court order may be granted where a showing is made that additional time is needed
10 for a "fair examination of the deponent," or where the examination has been "impeded or delayed by the
11 deponent, another person 'or other circumstances.'" *Id.* § 11:1518. If a deposition goes beyond the
12 seven-hour limit, counsel must object and adjourn the deposition, or the limit is seen as waived. *Id.* §
13 11:1516.1 (citing *Dorn v. Potter*, 191 F. Supp. 2d 612, 615 n.2 (W.D.P.A. 2002)).

### BACKGROUND

16 Mr. Spencer is the president and sole owner of defendant FWS, which in turn allegedly controls
17 defendant BMC. *See* Pl.'s Ltr. Br. at 1, *see also* Second Am. Compl. ¶¶ 7-9. Plaintiff deposed Mr.
18 Spencer in his individual capacity on August 11, 2006. *See* Def.'s Lt. Br., Ex. 1. Defendants FWS and
19 BMC each designated Mr. Spencer as the person most knowledgeable to testify on their behalf pursuant
20 to Rule 30(b)(6), and plaintiff deposed Mr. Spencer again on August 24, 2006 as the designee of
21 defendant BMC. *See* Def.'s Ltr. Br., Ex. 5. At the August 24, 2006 deposition there was a disagreement
22 as to whether Mr. Spencer was being produced to testify on behalf of both defendants FWS and BMC,
23 or solely for defendant BMC. *See* Def.'s Ltr. Br., Ex. 5; Spencer Dep. 8:24-12:11, August 24, 2006.
24 Plaintiff proceeded with the understanding that Mr. Spencer was being produced solely as the BMC
25 designee, with the presumed durational limit of one seven-hour day. *See id.* at Spencer Dep. 10:9-11:8.
26 Defense counsel proceeded with the understanding that Mr. Spencer was being produced as the designee
27 for both FWS and BMC, with the presumed durational limit of one seven-hour day for both defendants.
28 *See id.* at Spencer Dep. 11:9-18.

2

1    Plaintiff thereafter filed a separate notice of taking the Rule 30(b)(6) deposition of FWS, setting
2 it for September 8, 2006. *See* Pl.'s Ltr. Br., Ex. 4.

**DISCUSSION**

Mr. Spencer has already been deposed in his individual capacity, and as the Rule 30(b)(6) designee for BMC. *See* Def.'s Ltr. Br., Exs. 1, 5. Plaintiff has not, however, yet deposed defendant FWS in this action. Furthermore, Mr. Spencer's testimony in his individual capacity is not necessarily binding on the corporation. Schwarzer, *supra* § 11:1517.1. Since defendant FWS has chosen to designate Mr. Spencer as its Rule 30(b)(6) designee, and because Mr. Spencer's testimony as such would be binding on FWS, plaintiff has shown that additional time is needed for a fair examination of defendant FWS.

For the above reasons, the Court GRANTS plaintiff's motion to compel. Under the circumstances, however, the Court also GRANTS defendant's motion for protective order limiting the deposition to six hours of testimony and limiting its scope to those areas not already covered in the previous depositions. (Docket # 74)

**IT IS SO ORDERED.**

Dated: September 25, 2006

SUSAN ILLSTON
United States District Judge