IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Plaintiff,<br><br>v.<br><br>SPENCER ET AL,<br><br>    Defendant. | No. C 04-04632 SI<br><br>**ORDER GRANTING NON-PARTY CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO QUASH SUBPOENA WITHOUT PREJUDICE** |

Defendants William D. Spencer, et. al (the "Spencer Parties") and non-party City and County of San Francisco ("the City") have submitted letter briefs requesting the Court's assistance in resolving a discovery dispute. Specifically, the City requests an order quashing deposition subpoenas issued by the Spencer Parties and served on: (1) the City; (2) the San Francisco District Attorney's Office; and City employees (3) James Cheng, (4) Linda Chin, (5) James Field, (6) Balmore Hernandez, (7) Veronica Ng, (8) Ivar Satero, and (9) Preston Tom. Counsel for the City has additionally filed a separate motion with the Court, seeking the same relief, which is currently scheduled for a hearing on September 29, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and accordingly VACATES the 9:00 a.m. hearing. For the reasons set forth below, the Court GRANTS the motion to quash the subpoenas for improper service, and decides the remaining issues raised by the parties in anticipation that the subpoenas will be properly re-served by defendant.

**A.    Failure to Make Personal Service and Provide Witness Fees**

The City asserts that the subpoenas are invalid and should be quashed because the Spencer Parties (1) failed to serve the subpoenas personally upon the City employees and (2) failed to simultaneously tender witness fees and reasonable mileage when serving the subpoenas. Federal Rule of Civil Procedure 45(b)(1) provides, in relevant part: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." The Court agrees with the City and the majority of courts that have understood "delivering" to require personal service of the subpoena. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, § 11:2272 (The Rutter Group 2006). With regard to the issue of witness fees, the Ninth Circuit has interpreted the language of Rule 45(b)(1) to require "concurrent tender of witness fees and an estimated mileage allowance with service [of a subpoena]." *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983). Accordingly, the Court determines that the subpoenas served on the City, the District Attorney's Office, and the named City employees are invalid because they were not personally served and accompanied by tender of witness fees, and the City's motion to quash is GRANTED without prejudice to re-service.

In anticipation of the Spencer Parties' properly executed re-service of the subpoenas, however, the Court addresses here each of the City's additional arguments in support of its motion to quash.

### B. Undue Burden

The City asserts that the subpoenas should be quashed for failing to provide reasonable notice and imposing undue burden on the City. In its letter brief and motion to quash, the City correctly notes that Federal Rule of Civil Procedure 45(c)(3)(A)(i) requires the Court, upon timely motion, to quash or modify a subpoena if it provides inadequate time for compliance. Rule 26(b)(2) also permits the Court to limit discovery requests if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case . . . , the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." The City fails to demonstrate, however, that it and the other subpoenaed parties have been given insufficient time to comply with the subpoenas, or that the burden of producing the requested records and documents

so outweighs the benefit in resolving the issues of the litigation as to persuade this Court to exercise its discretion to quash.

Rule 26(b)(1) provides that "any matter, not privileged, that is relevant to the claim or defense of any party" is discoverable, and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As the Spencer Parties have explained, the requested depositions seek to discover the City's methodology in awarding past MBE, DBE, and other similar project contracts in order to rebut BART's claims that the Spencer Parties fraudulently schemed to qualify for participation in MBE and DBE projects. The Court is persuaded that the information sought by the Spencer Parties is sufficiently relevant for the purposes of discovery.

The City argues that the Spencer Parties' "only reason" for seeking the depositions at issue is to burden the City and to seek impermissible discovery for another action, but gives little explanation to support its conclusion. The City's concern relates to a case between the City and the Spencer Parties currently pending in state court, in which the discovery requested here has been precluded. The state court's discovery rulings in the concurrent matter, however, are not dispositive here, nor is the fact that settlement discussions are pending between the parties in the state court matter. Indeed, the Spencer Parties proposed making a joint request with BART's counsel to continue the pertinent discovery in this matter until after the state court settlement agreement between the City and the Spencer Parties is signed, but BART declined the Spencer Parties' proposal. The Spencer Parties should not be penalized here because BART is unwilling or unable to make accommodations that would allay the City's concerns.

**C.    Work-Product and Privilege Limitations on Discovery**

    **1.    Work-Product Doctrine**

The City claims protection from production under the work-product doctrine, and points out that this Court previously applied the work-product doctrine in quashing the subpoena of District Attorney's Office records in a similar lawsuit brought by the City against Tutor-Saliba Corporation. However, "to qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics:

1  (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by
2  or for another party or by or for that other party's representative.'" *In re Cal. Pub. Utils. Comm'n*, 892
3  F.2d 778, 780-81 (9th Cir. 1989) (quoting Fed. R. Civ. P. 26(b)(3)).  Thus, the rule "limits its protection
4  to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Id.* at
5  781.  Here, neither the District Attorney's Office nor the People of the State of California, whom the
6  DA's Office represents, is a party to the action.  Any protection that the DA's Office enjoyed under the
7  work-product doctrine in the Tutor-Saliba action, therefore, does not necessarily extend to the instant
8  case.  Indeed, "[d]ocuments prepared for one who is not a party to the present suit are wholly
9  unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in
10 which he will be disadvantaged if he must disclose in the present suit."  8 Charles Alan Wright, Arthur
11 R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354 (2d ed. 1994).
12      The inapplicability of the work-product protection against discovery of non-party documents,
13 of course, does not preclude the Court from issuing a protective order under Rule 26(c).  The issuance
14 of a protective order, where appropriate, will prevent the release of otherwise confidential information
15 which would jeopardize future charging decisions in the ongoing criminal investigation.  The City may
16 choose, therefore, to file a motion for an appropriate protective order under Rule 26(c).  *See id.* at §
17 2024, at 356.
18
19     **2.**     **Official Information Privilege**
20      The City additionally argues that the subpoena served on the DA's Office should be quashed
21 under the federal common law privilege for official information.  To determine whether the official
22 information privilege applies, the Court "must weigh the potential benefits of disclosure against the
23 potential disadvantages." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).  Here
24 again, the City merely raises the possibility that the DA's Office's compliance with the subpoena duces
25 tecum will result in the release of confidential information which may then jeopardize a future charging
26 decision in the ongoing criminal investigation.  As the Spencer Parties point out, however, the sensitive
27 information may be ordered produced under the Stipulated Protective Order and designated "Highly
28 Confidential," thus limiting disclosure of the information in question to the attorneys of record and their

4

1 associates, and even then only to the extent reasonably necessary to render professional services in the
2 present litigation.  Weighing this minimal disadvantage of disclosure against the demonstrated benefit
3 to the Spencer Parties' defense, therefore, the Court is not persuaded that the qualified privilege for
4 official information is applicable to the subpoena duces tecum served on the DA's Office.  (Docket ##
5 67, 70)

**IT IS SO ORDERED.**



Dated: September 25, 2006

SUSAN ILLSTON
United States District Judge