**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

        Plaintiff,

  v.

WILLIAM D. SPENCER, et al.,

        Defendant.
                                      /

No. C 04-04632 SI

**ORDER GRANTING DEFENDANT BONAR'S MOTION TO WITHDRAW DEEMED ADMISSIONS**

       Defendant Bruce R. Bonar ("Bonar") and plaintiff San Francisco Bay Area Rapid Transit District ("BART") have submitted letter briefs requesting the Court's assistance in resolving a discovery dispute involving Bonar's deemed admissions to BART's second set of requests for admissions ("RFA's"). Bonar's responses to BART's RFA's were not timely served by the July 12, 2006 response deadline, and were therefore deemed admitted pursuant to Federal Rule of Civil Procedure 36(a). On July 19, 2006, Bonar attempted to serve his responses to the RFA's, which BART refused. On August 29, 2006, Bonar filed the motion presently before the Court to withdraw his admissions, arguing that withdrawal is warranted under Rule 36(b) because: (1) withdrawal of the admissions will advance the merits of the action, and (2) BART will not be substantially prejudiced by the withdrawal. For the reasons discussed below, the Court is persuaded that withdrawal of the admissions in question is warranted. The Court hereby GRANTS defendant's motion to withdraw the admissions and orders that BART accept Bonar's tardy responses.

**A.     Impact of Withdrawal on the Merits of the Action**

       Bonar contends that because the deemed admissions pertain to RFA's that were identical to other

RFA's also served on codefendants in this action, refusing withdrawal of the admissions would prevent proper adjudication of the relevant issues on the merits for all defendants involved. Bonar's admissions would not be binding against his co-defendants; *see Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566 (11th Cir. 1987); *see also Castiglione v. United States Life Ins. Co. in City of N.Y.*, 262 F. Supp. 2d 1025, 1030 (D. Ariz. 2003) ("[C]odefendants are not bound by another defendant's admission."). Upon reviewing the RFA's, however, the Court agrees that the admissions in question go to the underlying questions at issue in the litigation; while the admissions may not completely obviate adjudication of the merits, they certainly do more than "merely streamline the issues for trial" as BART contends. Granting withdrawal of the admissions will aid in presentation of the merits of the case, and rather than bind Bonar with the deemed admissions and deprive him of the opportunity to contest the issues on the merits, the Court finds the better approach to be one that ensures resolution on the merits while addressing any prejudice suffered.

### B.     Prejudice to BART

To prevent withdrawal of an admission to an RFA under Federal Rule of Civil Procedure 36(b), the party who obtained the admission must "satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Such prejudice must be substantial; it is insufficient merely to claim an additional burden because the admitted fact would have to be proved. William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial*, § 11:2089 (The Rutter Group 2006). As the Ninth Circuit has explained:

> The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay.

*Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). BART has failed to meet its burden of proving that withdrawal of the admissions would substantially prejudice its case to the extent contemplated by Rule 36(b). While BART may face some increased difficulty in proving the withdrawn admissions because of the timing of the withdrawal and the impending discovery cutoff, such "prejudice" may be alleviated by the discovery extension discussed below.

**C.   Relief to BART**

Despite granting the motion to withdraw admissions, the Court is mindful of Bonar's failure to comply with other discovery deadlines during the course of this litigation. While the prejudice to BART resulting from Bonar's tardy responses does not merit denial of Bonar's motion to withdraw admissions, the timing of the filing of this motion—six weeks after BART had clearly informed Bonar that his tardy responses would not be accepted, and only two weeks before the discovery cutoff—cannot be condoned without consequence. BART should not be required to maintain and pursue two different discovery strategies—one in the event that the deemed admissions stand, and another in the event they are withdrawn—simply because of Bonar's delay in filing a motion to withdraw admissions. The Court therefore grants BART an additional thirty days from the date of this order to serve follow-up written discovery on Bonar. The cutoff as to BART's discovery on Bonar alone is thus changed to October 25, 2006, and the Court will entertain requests to order shorter time limits for discovery response as required. (Docket # 76)

**IT IS SO ORDERED.**



Susan Illston

3

1 | Dated: September 25, 2006

SUSAN ILLSTON
United States District Judge