IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>    Defendants.<br>_____ / | No. C 04-04632 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** |

Plaintiff San Francisco Bay Area Rapid Transit District ("BART") and defendants William D. Spencer, et al. ("Spencer") have submitted letter briefs requesting the Court's assistance in resolving a discovery dispute. On July 28, 2006, defendants served BART with its first set of requests for admissions ("RFAs"). The set consisted of 311 RFAs. BART did not provide any response other than general objections. BART now seeks a protective order against having to submit any further response to the RFAs.

Federal Rule of Civil Procedure 36(a) governs requests for admissions. It states in pertinent part, "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinion of fact or of the application of law to fact . . . ." Furthermore, before the court will issue a protective order, the moving party must make a clear showing of why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

BART argues that the sheer number of RFAs renders them unduly burdensome. Additionally, BART argues that by serving the RFAs just thirty-two days before the discovery cutoff, defendants

intended to harass BART.  BART further contends that defendants seek admissions on facts which defendants already know BART disputes, and that the RFAs are overbroad and vague.

Defendants counter that the number of RFAs served was not burdensome, considering that they were collectively served on behalf of five separate defendants.  Additionally, defendants point to the fact that BART served a total of 842 RFAs on the defendants.[1]

The mere fact that defendants served BART with 311 RFAs does not make the discovery unduly burdensome.  The RFAs were served jointly by five defendants, and most of the RFAs repeat the same request for each individual defendant.  For example, request 80 states "[a]dmit that Spencer never held out SLG/BMC as a DBE joint venture to Tutor-Saliba/Slattery Joint Venture for the work on Contract 12YS-130."  This is repeated in the following four RFAs, the only difference being that the name of the defendant is changed.

For the foregoing reasons, the Court DENIES BART's motion for a protective order.  BART must provide substantive responses to the first set of RFAs within thirty days.  If BART objects to any specific requests, or if defendants are dissatisfied with BART's responses, the parties shall meet and confer.  Both parties shall make a meaningful attempt to limit the number of RFAs in dispute before again coming to this Court for resolution.  (Docket No. 73).

**IT IS SO ORDERED.**

Dated: October 14, 2006

SUSAN ILLSTON
United States District Judge

---

[1] BART alleges that the RFAs it served on defendants were far simpler because the majority sought authentication of documents and signatures.

2