**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SPENCER ET AL,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C 04-04632 SI<br><br>**ORDER RE: DISCOVERY** |

　　　　Via letter brief filed November 1, 2006, defendants "seek clarification" of the Court's Order re: Discovery, issued on October 23, 2006 (Docket No. 129). In the Order, the Court granted in part plaintiff's request to compel production of several documents responsive to BART's First Set of Requests for Production of Documents. Among the documents at issue were the financial records of defendant FWS. With respect to those records, the Court stated:

> BART also requests the banking and accounting records for defendant FWS. BART argues these records would allow it to determine the nature and amount of money FWS received as a result of the BART projects and the amount paid by FWS to the joint venture, SLG, Virgilio Talao, and other individual defendants.
>
> Defendants argue the requested material is irrelevant because they have already produced financial documents for SLG/BMC, the allegedly fraudulent entity. Defendants further argue that this information is not relevant because FWS was never a subcontractor on the projects, and all of the information that is needed can be found by looking at the SLG/BMC records. Additionally, defendants argue that this information is privileged because it contains trade secrets.
>
> **The Court finds that the requested information is relevant to the instant action.** BART alleges in its complaint that FWS paid "kickbacks" to SLG for the use of the DBE status. FWS's financial information is plainly relevant to determine whether FWS actually paid such kickbacks. Defendants' apprehension of the financial records becoming public can be resolved by designating this information as confidential or highly confidential pursuant to the protective order. **The Court hereby GRANTS**

**BART's request for FWS's financial statements**.

Oct. 23, 2006 Order at 3:2-17 (emphasis added).

Defendants now seek clarification of this Order, and request that the Court review certain FWS financial records *in camera* to determine if they are relevant and must be produced. As an initial matter, the Court's Order should need no clarification; it means what it says. As can be seen from the passage quoted above, the Court granted BART's request for FWS's financial records, in its entirety. Nonetheless, the Court has reviewed the documents provided for *in camera* review, and hereby determines that they are discoverable, as likely to lead to admissible evidence. The essence of BART's claims is that defendants set up various fronts in order to dupe prime contractors and BART into awarding construction subcontracts they would not otherwise have awarded. FWS allegedly performed the actual work that some of these fronts were supposed to perform. Furthermore, FWS allegedly paid kickbacks to SLG for its service as a front. FWS's financial records may allow BART to piece together this alleged scheme more clearly. ***All*** of FWS's financial records from the relevant time period are thus discoverable, including those submitted to the Court for review.

As stated in the previous order, "[d]efendants' apprehension of the financial records becoming public can be resolved by designating this information as confidential or highly confidential pursuant to the protective order." The Court hereby ORDERS produced the financial records provided to it in conjunction with defendants' letter brief. (Docket No. 135)

**IT IS SO ORDERED.**

Dated: November 17, 2006

SUSAN ILLSTON
United States District Judge