IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>       Plaintiff,<br><br>   v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>       Defendants.<br>_____/ | No. C 04-04632 SI<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Plaintiff has filed an application for leave to file a motion for reconsideration of the Court's order granting defendants' motion for summary judgment on plaintiff's fourth claim for relief (unjust enrichment). For the following reasons, the Court GRANTS plaintiff's application for leave to file.

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b). Moreover, the motion may not repeat any oral or written argument made by the moving party in support of or opposition to the interlocutory order of which the party seeks

reconsideration. *See* Civil L.R. 7-9(c).

Plaintiff argues that the Court failed to consider the principles of unjust enrichment that plaintiff advanced in opposition to defendants' motion for summary judgment. The Court disagrees. The Court applied the California state law test for unjust enrichment, which is: "To state a claim for unjust enrichment, a plaintiff must allege: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." *Sigma Dynamics, Inc. v. E. Piphany, Inc.*, No. C-04-569, 2004 U.S. Dist. LEXIS 24261, at *1, *15 (N.D. Cal. May 21, 2004); *see also Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2000) ("the elements for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the expense of another." (citing cases)). Plaintiff's opposition focused on the principle that a plaintiff need not have suffered any loss to recover from a defendant for unjust enrichment. Quoting *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612 (Cal. Ct. App. 1992), plaintiff argued that "*[i]n some situations*, a benefit has been received by the defendant but the plaintiff has not suffered a corresponding loss, or in some cases, any loss, but nevertheless the enrichment of defendant would be unjust. . . . In such cases, the defendant *may be* under a duty to give to the plaintiff the amount by which he has been enriched." *Id.* at 628 (emphasis added). The Court did not, and does not, find fault with this principle. However, plaintiff failed to establish that this case falls within "such cases" where an unjust enrichment claim "may be" appropriate absent a showing of damages. Plaintiff cited no analogous case law, no analogous illustrations from the Restatement of Restitution, and nothing to suggest that under California law an owner, who cannot show damages, may recover under a theory of unjust enrichment from a defendant who fraudulently obtained a subcontract.

Plaintiff has now somewhat clarified its theory of unjust enrichment, citing a New Jersey Supreme Court case holding "that when a public contract is obtained by bribing a public official, the public entity is entitled to the gross profits obtained by the wrongdoer," under a theory of unjust enrichment, regardless of "whether the [public entity] suffered damages." *County of Essex v. First Union Nat'l Bank*, 891 A.2d 600, 607 (N.J. 2006). Plaintiff argues that California courts, if presented with the issue, would rule the same way as the New Jersey Supreme Court. Because California courts have not addressed an unjust enrichment claim analogous to plaintiff's claim, and because dicta from the *Unilogic* case quoted above suggests that the California courts may under some circumstances

dispense with a showing of damages for an unjust enrichment claim, the Court will allow the parties another opportunity to clarify this state law claim.

The Court therefore GRANTS plaintiff leave to file a motion for reconsideration. **Plaintiff shall file its motion, not to exceed seven pages, on or before January 5, 2007.  Defendants shall file a reply, not to exceed seven pages, on or before January 10, 2007.**  Should a hearing be necessary, the Court will schedule one after receiving all the papers.  The parties should address the following issues:

(1) What are the elements of a claim of unjust enrichment under California law?

(2) In particular, what makes a retention of profits "unjust" under California law?

(3) In particular, what does "at the expense of another" mean under California law?

(4) Does an unjust enrichment claim require some form of privity between the plaintiff and the defendant?  Does the enriched party have to receive the funds at issue directly from the plaintiff?

The parties should also discuss whether there are genuine issues of material fact as to each of the elements of the unjust enrichment claim. (Docket No. 220)

**IT IS SO ORDERED.**

Dated:  December 19, 2006

SUSAN ILLSTON
United States District Judge