IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>  Defendants.<br>                                                                  / | No. C 04-04632 SI<br><br>**ORDER RE:  SANCTIONS** |

Via letter brief, plaintiff seeks sanctions against defendants for failing to produce financial records that were ordered produced by this Court.

The financial records at issue were the subject of two previous orders issued by the Court in this case. On October 23, 2006 the Court issued an Order granting in part plaintiff's request to compel production of several documents responsive to plaintiff's First Set of Requests for Production of Documents. Among the documents at issue were the financial records of defendant F.W. Spencer & Son, Inc. ("FWS"). Subsequently, via letter brief filed November 1, 2006, defendants sought "clarification" of the Court's First Order. On November 17, 2006, the Court issued a Second Order, stating that the First Order, "should need no clarification; it means what it says. . . . *All* of FWS's financial records from the relevant time period are thus discoverable, including those submitted to the Court for review" (emphasis in original).

Plaintiff now contends that, in disregard of the Court's twice-iterated instructions, defendants delayed until December 6, 2006 in producing any additional financial records of FWS, and even then produced records containing clear gaps. Consequently, plaintiff now moves for sanctions. In response,

defendants contend that plaintiff failed to adequately meet and confer prior to filing this motion, and that the missing documents pointed to by plaintiff in fact never existed, or no longer exist.

The Court agrees with plaintiff that the financial records produced contain clear gaps. For example, the financial statements all contain a notation stating: "The accompanying notes to the financial statements are an integral part of these statements." *See* Rhodes Decl. ¶ 3. Yet only the financial statements for 1998 and 2003 are accompanied by a document entitled "Notes to the Financial Statements." *See id.* The financial statements for the intervening years are not accompanied by any "Notes" document. *See id.* Defendants do not dispute that some documents that are referenced in the produced documents were not produced. Instead, defendants contend that the missing documents no longer exist. Counsel for defendants states in her declaration: "I reviewed, with my client, the categories of records that [plaintiff] asserts were incomplete or missing," and "[t]hose records either no longer or never existed." Whitfield Decl. ¶ 3. Defendants do not, however, provide any explanation as to why the missing documents no longer exist. With respect to the "Notes" documents, for example, defendants state simply that they "no longer exist." *Id.*

The Court is less than satisfied with defendants' explanation for the gaps in the records, and is greatly concerned with defendants' delay in producing the records. However, the Court also agrees with defendants that plaintiff's motion for sanctions is premature. Plaintiff filed the instant motion without adequately meeting and conferring with defendants regarding the gaps in the records. After receiving the records, plaintiff sent a letter to defendants, on December 7, 2006, stating simply: "The FWS financial records produced yesterday . . . are, on their face, incomplete. And many types of records are missing altogether." Nadel Decl., Ex. G. Defendants responded on December 8, 2006 with a letter stating: "If you have some evidence, other than conjecture, that specific documents have not been produced, please provide that to me and I will investigate whether they indeed exist. We are aware of our duty to supplement discovery, however, there is nothing more that has been located at this time to provide to you." *Id.*, Ex. H. At this point, rather than providing defendants with a list of the suspected gaps in the disclosure, plaintiff filed the instant motion. As a result, the Court is left to speculate as to whether defendants' production was complete.

For the foregoing reasons, the parties are hereby ORDERED to meet and confer with respect to

the apparent gaps in the financial records produced. If there are gaps in the production not identified in plaintiff's moving papers, plaintiff shall provide defendants with a specific description of those gaps. **On or before January 5, 2007, defendants shall provide plaintiff with a declaration or declarations from the past and present custodian(s) of FWS's financial records, stating that the suspected missing documents (both those identified in plaintiff's moving papers, and any others subsequently identified by plaintiff) never existed, or that they no longer exist. If they no longer exist, the declaration(s) shall state specifically why the documents no longer exist.** Defendants shall continue to actively search for FWS financial records from the relevant period, and shall produce, without delay, any that have not already been produced.

For the foregoing reasons, the Court DENIES plaintiff's motion for sanctions, without prejudice. (Docket No. 217)

**IT IS SO ORDERED.**

Dated: December 21, 2006

SUSAN ILLSTON
United States District Judge