1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   SAN FRANCISCO BAY AREA RAPID              No. C 04-04632 SI
    TRANSIT DISTRICT,
9                                            **ORDER DENYING PLAINTIFF'S**
           Plaintiff,                        **MOTION FOR RECONSIDERATION**
10
      v.
11
    WILLIAM D. SPENCER, et al.,
12
           Defendants.
13   _____/

14

15        With leave from the Court, plaintiff has filed a motion for reconsideration of the Court's

16   December 5, 2006 order granting defendants' motion for summary judgment on plaintiff's fourth claim

17   for relief (unjust enrichment).  For the following reasons, the Court DENIES plaintiff's motion for

18   reconsideration.

19        Under California law, "[t]o state a claim for unjust enrichment, a plaintiff must allege:  (1)

20   receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." *Sigma Dynamics,*

21   *Inc. v. E. Piphany, Inc.*, No. C-04-569, 2004 U.S. Dist. LEXIS 24261, at *1, *15 (N.D. Cal. May 21,

22   2004); *see also Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2000) ("the elements

23   for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the

24   expense of another." (citing cases)).

25        Although it has had several opportunities to do so, plaintiff has failed to establish that the

26   situation presented by this case constitutes unjust enrichment under California law.  Plaintiff cites no

27   analogous case law; no analogous illustrations from the Restatement of Restitution; nothing to suggest

28   that under California law an owner, who cannot show damages, may recover under a theory of unjust

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

1   enrichment from a defendant who fraudulently obtained a subcontract.  As explained in this Court's

2   order granting summary judgment, most theories of unjust enrichment require a showing of damages.

3   *See, e.g.,* Restatement (First) of Restitution § 28 cmt. d (1937) ("If, in spite of the fraud or

4   misrepresentation, the transferor has obtained exactly what he expected to receive in exchange for what

5   he gave, he is not ordinarily entitled to rescind the transaction and to recover back what he gave.").

6   Under California law, there may be exceptions to this rule.  *See Unilogic, Inc. v. Burroughs Corp.*, 10

7   Cal. App. 4th 612, 628 (Cal. Ct. App. 1992) ("*[i]n some situations*, a benefit has been received by the

8   defendant but the plaintiff has not suffered a corresponding loss, or in some cases, any loss, but

9   nevertheless the enrichment of defendant would be unjust. . . . In such cases, the defendant *may be* under

10  a duty to give to the plaintiff the amount by which he has been enriched.") (emphasis added).  However,

11  plaintiff has failed to establish that this case falls within such exceptional cases where an unjust

12  enrichment claim may be appropriate absent a showing of damage to the plaintiff.

13       Granting BART's motion for reconsideration would require the Court to stretch California's law

14  of unjust enrichment well beyond anything California courts have done to date.  This would be

15  particularly inappropriate where, as here,  BART has a claim under the California False Claims Act

16  ("CFCA") (Cal. Gov. Code § 12650 et seq.), which is far more closely tailored to the facts of this case.

17  California courts have directed that the CFCA "should be given the broadest possible construction

18  consistent with" its purpose "to prevent fraud on the public treasury." *City of Pomona v. Superior Court*,

19  89 Cal. App. 4th 793, 801 (Cal. Ct. App. 2001) (quoting Cal. Gov. Code § 12650 et seq.)(citing cases).

20  This Court has given that broad construction to the CFCA, in denying defendants' motion for summary

21  judgment on the CFCA claim.

22       For the foregoing reasons, the Court hereby DENIES plaintiff's motion for reconsideration.

23  (Docket No. 228)

24       **IT IS SO ORDERED.**

25

26  Dated: January 9, 2007

27  _____

28                                           SUSAN ILLSTON
                                             United States District Judge

2