IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

    Plaintiff,

v.

WILLIAM D. SPENCER, et al.,

    Defendants.

No. C 04-04632 SI

**ORDER RE: FINAL PRETRIAL SCHEDULING ORDER**

Defendants have filed with the Court a letter requesting clarification of the Final Pretrial Scheduling Order issued on January 17, 2007.

Defendants first seek clarification regarding whether plaintiff will be allowed to present evidence at trial that defendants violated the California False Claims Act ("CFCA") with respect to the 110 and 130 contracts. In the December 5, 2006 Order granting in part defendants' motion for summary judgment, the Court ruled that plaintiff had failed to present evidence on materiality, a required element of the CFCA, with respect to the 110 and 130 contracts. On that basis the Court granted summary judgment for defendants with respect to the 110 and 130 contracts. Since issuing the December 5, 2006 Order, the parties have provided the Court with additional argument and briefing on the CFCA claim, the underlying facts and law of which received very little attention to this point. Consequently, the Court recognized that, while plaintiff failed to present evidence of reliance for purposes of its RICO and fraud claims, it did in fact present sufficient evidence of materiality, which requires less than reliance. The Court therefore ruled in the Final Pretrial Scheduling Order that plaintiff may argue at trial that defendants violated the CFCA with respect to the 110 and 130 contracts, in addition to the 120 and 140

contracts.

As defendants recognize, the district court is permitted to alter findings made in a partial grant of summary judgment "if the opposing party will not be substantially prejudiced," and if the parties are "given notice and a chance to present evidence on the newly-revived issue." Schwarzer, et al., *California Practice Guide, Federal Civil Procedure Before Trial* § 14:355 (2006); *see also* 11-56 *Moore's Federal Practice - Civil* § 56.40 (2006). Defendants argue that allowing evidence on the 110 and 130 contracts will prejudice them because their "trial preparation has been limited to the defense of false claims for payment on the [120] and [140] claims only," based on the December 5, 2006 Order. The Court is unconvinced. Defendants have had over two years to develop evidence and defenses on all four contracts; the fact that they may have stopped doing so for the six weeks between the summary judgment and final pretrial orders will not leave them unprepared. They will have a full and fair opportunity "to present evidence on the newly-revived issue."[1]

Defendants are also concerned with the Court's ruling that plaintiff may present evidence of damages they suffered in prosecuting alleged violations of subcontractor listing laws; violations which allegedly resulted from defendants' false claims. In the December 5, 2006 Order, the Court ruled that plaintiff could not use this theory of damages to support its RICO and fraud claims. *See* Order at 21:8-20. In the Final Pretrial Scheduling Order, however, the Court ruled that plaintiff may argue at trial that its costs in prosecuting violations of the listing laws constitute statutory damages for purposes of CFCA. Again, defendants argue that in reliance on the December 5, 2006 Order, they have not prepared a defense to the listing laws damages claim. The Court notes, however, that the listing laws damages theory was not raised by the parties in relation to the CFCA claim at the summary judgment stage. The Court therefore never ruled that such damages could not be proved in relation to the CFCA claim.

---

[1] Defendants cite *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383 (2d Cir. 1989), as an "example" of an impermissible modification of a partial summary judgment order by a district court. In that case, the judge "did not give appellants clear notice that he was revising [the summary judgment] order nor an adequate opportunity to adjust the presentation of their case once he decided not to follow the order. Appellants did not learn that the pre-November 23, 1981, claims were back in the case *until the trial was over and the District Judge imposed liability for that period*." *Id.* at 386 (emphasis added). Thus, unlike in this case, in *Leddy* the district court did not notify the parties that he had altered his ruling until after trial.

2

Finally, defendants express concern with the nebulous nature of plaintiff's CFCA claim. In particular, defendants are concerned with plaintiff's claim that it will prove 422 instances of false claims at trial. To this point, both in discovery and in connection with pre-trial motions, plaintiff has failed to identify or even suggest what might constitute those 422 false claims. In response to interrogatories, according to defendants, plaintiff only identified 97 false claims. On this point, the Court shares defendants' concern. The Court therefore clarifies that plaintiff will be constrained at trial to its discovery responses. If, in fact, plaintiff only asserted a limited number of false claims during discovery, they will be limited to offering evidence on those previously identified false claims.

**IT IS SO ORDERED.**

Dated: January 19, 2007

SUSAN ILLSTON
United States District Judge