IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>    Defendant.<br>_____/ | No. C 04-04632 SI<br><br>**ORDER RE: DEFENDANTS' MOTIONS IN LIMINE NOS. 10-12** |

The Court deferred ruling on defendants' motions in limine numbers 10-12, which challenge plaintiff's proposed expert testimony, to allow plaintiff time to respond. The Court has received plaintiff's response, and defendants' reply, and now rules as follows.

**LEGAL STANDARD**

Federal Rule of Evidence 702 provides:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. "In determining whether expert testimony is admissible under Rule 702, the district court must keep in mind Rule 702's broad parameters of reliability, relevancy, and assistance to the trier of fact." *Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1134 (9th Cir. 1998) (internal quotation marks omitted). "Rule 702 is applied consistent with the 'liberal thrust' of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony." *Jinro Am. Inc. v. Secure Invests.,*

*Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) (internal quotation marks omitted).

Federal Rule of Evidence 403 allows a court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

## DISCUSSION

**I.  Motion in limine number 10, to exclude Juan Gonzales III as an expert witness. GRANTED IN PART.**

Defendants argue that Dr. Gonzales is unqualified, and that his proposed testimony is irrelevant. The Court finds that Dr. Gonzales is a qualified expert. Dr. Gonzalez is a Principal in the Forensic Services Practice of the accounting, tax, and advisory firm KPMG. He holds a doctorate in economics from the Massachusetts Institute of Technology and has over 15 years experience in the field. *See* Mot. in Limine, Ex. 1 at 10.

According to his expert report, Dr. Gonzalez will testify to the following at trial:

1. The total profit earned by defendants on the four contracts;
2. That the payments made to SLG for two of the contracts evidence a "3-2-1 percent" arrangement;
3. That there are payments from the joint venture bank account to FWS and William Spencer "that lack any meaningful supporting documentation"; and
4. The amount of investigative costs incurred by BART in relation to the allegedly improper subcontractor substitution.

*Id.* at 2-3. Defendants argue that this testimony is irrelevant.

BART's CFCA theory requires it to establish that fraudulent conduct underlay the claims at issue. Dr. Gonzalez' second area of testimony – evidence of the "3-2-1 percentage" arrangement between defendants and Talao – is therefore relevant. It tends to show that the joint venture was fraudulent. His first area of testimony – the total profits earned on the projects – is likewise relevant, to the extent that it is used to show the "3-2-1 percentage" arrangement.

The Court is concerned, however, with BART's insistence that it will also use Dr. Gonzalez' testimony to provide evidence of overpayments, as a measure of damages. *See, generally*, Pl.'s Consolidated Resp. at 8-11. As the Court explained in the Final Pretrial Order:

> The Court here has already determined that BART has failed to present evidence that it sustained any legally cognizable injury as a result of defendants' actions. BART is therefore not entitled to any restitutionary damages under the CFCA. *Any evidence of kickbacks or overpayments is therefore irrelevant to the issue of damages.*

Final Pretrial Order at 5:9-13. BART cannot use Dr. Gonzalez, or any other witness, to establish the amount or existence of kickbacks or overpayments as evidence of damages. Again, to be clear, <u>BART can provide evidence of kickbacks to establish the nature of the fraud underlying the alleged false claims, but cannot use such evidence to prove the existence or amount of damages</u>.

BART fails to explain the relevance of Dr. Gonzalez' third area of proposed testimony – that there are payments from the joint venture bank account to FWS and William Spencer "that lack any meaningful supporting documentation." The Court therefore GRANTS defendants' motion in limine with respect to this third area of proposed testimony.

The fourth area of proposed testimony – the amount of investigative costs incurred by BART in relation to the allegedly improper subcontractor substitution – is relevant to BART's theory that it suffered cognizable damages when it prosecuted alleged violations of the sub-contractor listing laws.

## II.     Motion in limine number 11, to exclude Miguel Galarza as an expert witness: GRANTED

Mr. Galarza is a contractor and president of Yerba Buena Engineering & Construction, Inc. He claims to have "special expertise in federal procurement with an emphasis in Disadvantaged Business Enterprise regulations and programs, including the purposes and policies underlying them." Galarza Expert Report (Defs.' Mot. in Lim. no. 11, Ex. 1) at 1. His expertise is based solely on his experience as a successful DBE contractor.

BART intends to call Mr. Galarza to provide expert testimony on the following:

1. The importance of the "Category of Work" DBE requirements in the development of DBE companies;
2. The importance of the "Technical Assistance" aspect of BART's DBE program; and
3. The effects that fraudulent DBE sub-contractors have on a Bidder's ability to show

3

"Good Faith Efforts to Meet DBE Goals," as required by BART.

*See id.*

The Court agrees with defendants that Mr. Galarza's testimony does not meet the requirement that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. BART explains only that Mr. Galarza "will lay the foundation for facts and opinions necessary for the jury to understand why the represented eligibility of SLG/BMC as a DBE joint venture . . . would have been important to any prime contractors and any public entity on a federally-funded project." Pl.'s Consolidated Resp. at 13:20-23. Mr. Galarza's testimony will thus presumably go the materiality requirement of plaintiff's CFCA claim. The Court finds that Mr. Galarza's testimony is unnecessary to allow the jury to understand the DBE program, or the materiality of a subcontractor's DBE status. He will add nothing beyond that which BART can provide through evidence from the individuals actually involved in the contracts at issue here. If defendants' alleged fraud was material to BART, somebody from BART will be able to so testify, and to explain why. If defendants' alleged fraud was material to the prime contractors, the prime contractors will be able to say so, and to explain why.

### III.   Motion in limine number 12, to exclude the testimony of James A. Blanco:  DENIED

Mr. Blanco is a forensic document examiner who will render opinions on the authenticity of handwriting and signatures on certain documents. Defendants object to his testimony as irrelevant. The Court DENIES this motion in limine as premature. The relevance of Mr. Blanco's testimony will turn on the relevance of the documents he is analyzing. The relevance of the documents will likely turn on which "false claims" BART is allowed to present to the jury. The parties are currently briefing this issue. The Court will therefore determine the admissibility and relevance of the documents, and Mr. Blanco's testimony, as they are presented at trial. This denial is without prejudice to specific objections at trial.

**IT IS SO ORDERED.**

Dated: February 1, 2007

SUSAN ILLSTON
United States District Judge

4