**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>            Plaintiff,<br><br>   v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>            Defendant.          / | No. C 04-04632 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE AND SERVE AMENDMENT TO SECOND AMENDED COMPLAINT** |

A three-week jury trial began in this case on January 22, 2007. On January 23, 2007, plaintiff filed a motion for leave to file and serve an amendment to the Second Amended Complaint to add a claim for violations of the California Contractors License Law. For the following reasons, the Court DENIES plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(b) provides:

> Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Rule 15(b) thus provides two methods of amending the pleadings: (1) "if issues are tried with the express or implied consent of the parties, a court must treat the issues as if they were raised in the pleadings"; and (2) the court may "grant an amendment . . . after a party objects at trial to the introduction of that evidence on the grounds that it is not within the issues in the pleadings. If it is in the interest of justice to do so, a court may freely grant leave to amend after an objection. A party may obtain leave to amend over the objection unless the opposing party is able to show prejudice would result. The burden is on the opposing party to show that allowing amendment would result in prejudice to it." 3-15 Moore's Federal Practice - Civil § 15.18 (2006).[1]

## DISCUSSION

BART seeks to add a claim for violation of the California Contractors License Law ("CCLL"), California Business & Profession Code Section 7031(b).[2] Subsection (b) of Section 7031 provides: "Except as provided in subdivision (e), a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract." Subdivision (e) provides an exception to liability where "there has been substantial compliance with licensure requirements . . . ." Pursuant to subsection (b), BART seeks to recover payments made to the joint venture between 1998 and 2003 for work on the four contracts at issue in this case. BART's claim alleges that the joint venture's license was invalid *ab initio* because the joint venture was a sham, and defendants therefore

---

[1] As an initial matter, the procedural posture of BART's motion is awkward. BART characterizes its motion as the "second type" of Rule 15(b) motion, which, as discussed above, allows the court to amend the pleadings "[i]f evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings." Fed. R. Civ. P. 15(b); *see* Mot. at 2:14. BART fails to identify, however, what evidence was "objected to at the trial," thereby allowing BART to bring this motion. The Court is not aware of any specific objection made by defendants to evidence of CCLL violations. BART's motion thus appears premature. Nonetheless, BART's motion fails on the merits.

[2] BART does not contest the fact that it has unduly delayed in seeking to add this claim. BART filed the initial complaint in this case on November 1, 2004. BART filed a first amended complaint on February 23, 2005, and a Second Amended Complaint on November 4, 2005. BART provides absolutely no explanation for why it did not include this claim in any of these three complaints, or seek leave to amend prior to the commencement of trial. BART hints only that: "In light of recent rulings by the Court . . . BART has determined that it is necessary to state now a separate and independent claim for relief under the CCLL." Pl.'s Br. at 2:22-24.

violated 7031(b) by engaging in work without a valid license.  Having considered the arguments of the parties, the Court will not permit BART to amend its complaint in the midst of trial, because BART's new claim is likely futile, and defendants would be highly prejudiced by the proposed amendment.

The most glaring problem with BART's proposed amendment is the likely futility of the new claim.  Though neither party raises this point, the Court notes that subsection 7031(b) was added by amendment to the CCLL in 2001.  *See* Deering's California Codes Annotated, Cal. Bus. & Prof. Code § 7031 (2006).  The California courts have explicitly held that subsection (b) does not apply to actions taken before the effective date of the amendment, January 1, 2002.  As the California Court of Appeal stated:

> [T]here was no provision allowing restitution from an unlicensed contractor until the current subdivision (b) became effective on January 1, 2002.  Before that date, section 7031 provided only that an unlicensed contractor could not recover money owed for work requiring a license. . . .
>
> The [plaintiffs] do not contend the new subdivision (b) of section 7031 was retroactive, but assert it merely codified existing case law allowing restitution from an unlicensed contractor.  We disagree.  Case law interpreting section 7031 demonstrates that courts never awarded the restitution provided by the current subdivision (b) before its effective date.

*Lee William Dev. Corp. v. Chalker*, 2005 WL 1100646 (Cal. App. 4 Dist. May 9, 2005) at *4-*5.

Most, if not all, of this case involves events occurring in 1998 and 1999, well before section 7031(b) came into effect.  BART's proposed amendment suggests that it would seek to recover for work completed up to 2003, some of which therefore would be covered by section 7031(b).  It is apparent, however, from the evidence submitted at the summary judgment stage, that the joint venture ceased to exist in 1999.  SLG's license was suspended in August 1999, and SLG went out of business before the end of the year.  *See* Balmat Decl., Ex. 57; Talao Decl. ¶ 77; Whitfield Decl., Ex. 12.  Subsequently, defendants wrote the Contractors' State License Board, requesting that the joint venture license be continued, in spite of SLG's demise, in order to complete the projects already in progress.  *See* Balmat Decl., Ex. 59.  The Board granted BMC's request.  *See id.*, Ex. 60.  According to BART's own papers, BART was informed of these events, and "accepted . . . that BMC would complete the work required."  Opp. at 13:24-27.  "[A]s of September 1999, BART understood that . . . BMC would perform the subcontracts awarded to SLG/BMC."  *Id.* at 13:27-14:2.

3

The fact that the joint venture no longer existed after 1999, and that the State License Board knew this fact and re-approved the validity of the joint venture license, casts serious doubt on BART's presumed argument that defendants worked without a valid license after the effective date of section 7031(b). BART's new claim would thus be futile, as a matter of law, with respect to any work performed before January 1, 2002, and would most likely be futile with respect to work performed after the effective date as well.

Moreover, a theory that defendants' license was invalid despite the State License Board's affirmation of defendants' license in 1999, would require the parties and the Court to resolve extensive factual and legal issues[3] related to what constitutes a "valid" license. Doing so would require further discovery into the Board's procedures and policies, and the rationale underlying its actions with respect to the joint venture license. None of this has been at issue thus far in this case. Defendants would thus be highly prejudiced if amendment of this claim were allowed at this stage.

Since it was filed, this case has centered around allegations that defendants created a sham joint venture with a minority-owned construction firm in order to secure subcontracts as a favored disadvantaged business enterprise. The validity of the joint venture is an issue in this case, and the validity of the joint venture's license may be relevant to this issue. At its core, however, this is, and always has been, a fraud case. This is the case that BART has pursued, and the case against which defendants have prepared a defense. None of the extensive pre-trial motions or discovery disputes dealt with the issue of the validity of the joint venture's contractors' license. Defendants would thus be prejudiced if the Court allowed BART to present a new, unexplored and unprepared-for claim at trial.

In light of certain prejudice to defendants and the futility of most, if not all, of the new claim, the

---

[3]The Court also notes that there is a serious legal issue with the applicability of section 7031(b) to joint ventures. Subsection 7031(a), which prevents contractors from bringing legal action to recover compensation for work performed without a license, does not apply to joint ventures if each of the joint venture partners is independently and validly licensed. *See Knapp Dev. & Design v. Pal-Mal Props., Ltd.*, 173 Cal. App. 3d 423 (Cal. Ct. App. 1985). Though no California court has addressed the issue, the Court questions whether the joint venture exception should apply to subsection 7031(b) as well.
There is also a serious legal issue as to whether an owner can bring a claim against a subcontractor under subsection 7031(b). The plain language of the statute allows anyone who "utilizes" a contractor to bring an action to recover compensation "paid" to the contractor. There would thus be an issue over whether it was BART, or the prime contractors, who "utilize[d]" and "paid" the defendants. No California court has addressed this issue.

4

1  Court hereby DENIES BART's motion for leave to amend the Second Amended Complaint.  (Docket
2  No. 281)

4     **IT IS SO ORDERED.**

6  Dated:  February    , 2007

                                                                SUSAN ILLSTON
                                                                United States District Judge