IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

Plaintiff,

v.

WILLIAM D. SPENCER, et al.,

Defendants.

No. C 04-04632 SI

**MEMORANDUM RE: STATUTE OF LIMITATIONS**

The Court has analyzed the impact of the three-year statute of limitations on the claims in this case, in drafting the jury instructions and creating a comprehensible verdict form. For counsel's guidance, the Court's analysis is as follows.

The statue of limitations begins running when the claim accrues. A legal claim accrues when the plaintiff has constructive or actual knowledge of the critical facts underlying the legal claim. In this CFCA claim, there are two critical facts of which BART must have had actual or constructive knowledge for the statute of limitations to begin running: (1) BART must have had actual or constructive knowledge of defendants' fraudulent scheme to set up the alleged sham joint venture; and (2) BART must have had actual or constructive knowledge of the submission of a progress payment application that reflected work done by the joint venture.[1]

As to the second category of knowledge, as a matter of law, BART had actual or constructive knowledge as soon as it received the progress payment applications. Therefore, as a matter of law,

---

[1] Contrary to defendants' argument, the Court finds that the submission of the false claim is a critical element of a CFCA claim, which must exist, and be known to the plaintiff, before a CFCA claim accrues. *Debros v. The Los Angeles Raiders*, 92 Cal. App. 4th 940 (2001), does not hold otherwise.

1  BART's suit is timely with respect to all of the progress payment applications received by BART after
2  October 31, 2001.  Similarly, if BART had actual or constructive knowledge of defendants' fraudulent
3  scheme on or before October 31, 2001, then, as a matter of law, BART's claims with respect to all of
4  the progress payment applications received on or prior to October 31, 2001, are untimely.  By way of
5  example:  Suppose BART learned of the scheme on January 1, 2001.  Suppose the prime contractors
6  submitted progress payment applications on (A) January 30, 2000, (B) June 30, 2000, (C) January 30,
7  2001, and (D) June 30, 2001.  As of January 1, 2001, BART would have known of the scheme, and
8  known of the January 30, 2000, and June 30, 2000 progress payment applications.  BART's claim with
9  respect to progress payment applications (C) and (D) would therefore have accrued on January 1, 2001,
10 and its complaint filed on November 1, 2004 would therefore be untimely.  As of January 30, 2001,
11 BART would have known of the scheme, and known of progress payment application (C); the claim
12 with respect to (C) would have accrued, and BART's complaint would be untimely.  Similarly, as of
13 June 30, 2001, BART would have known of the scheme, and known of progress payment application
14 (D);  the claim with respect to (D) would have accrued, and BART's complaint would be untimely.

15     The instructions are based on this analysis; see page 25.  It will be necessary to attach a list of
16 the allegedly false claims – the progress payment applications – with the dates they were filed, in order
17 that the jury an properly "count" any false claims it may find to be actionable.

19     **IT IS SO ORDERED.**

21 Dated: February 13, 2007

         _____
         SUSAN ILLSTON
         United States District Judge

United States District Court
For the Northern District of California