1

2

3

4

5     IN THE UNITED STATES DISTRICT COURT

6     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  SAN FRANCISCO BAY AREA RAPID              No. C 04-04632 SI
   TRANSIT DISTRICT,
9                                           **INSTRUCTIONS TO JURY**
              Plaintiff,
10
       v.
11
    WILLIAM D. SPENCER, et al.,
12
              Defendants.
13  _____/

14

15                          **INSTRUCTIONS TO JURY**

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

For the Northern District of California
United States District Court

2

1

**WHAT IS EVIDENCE**

2

3       The evidence from which you are to decide what the facts are consists of:

4       (1) the sworn testimony of any witness;

5       (2) the exhibits which have been received into evidence; and

6       (3) any facts to which the lawyers have agreed or stipulated.

7

8

9

10

11

12

13

14

15

16

17

18
United States District Court
For the Northern District of California

19

20

21

22

23

24

25

26

27

28

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

4

1

2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

3

4          Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

5   testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence

6   is proof of one or more facts from which you could find another fact. You should consider both kinds

7   of evidence. The law makes no distinction between the weight to be given to either direct or

8   circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9

10

11

12

13

14

15

16

17

18   United States District Court

For the Northern District of California

19

20

21

22

23

24

25

26

27

28

5

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

For the Northern District of California

United States District Court

1

2

**STIPULATIONS OF FACT**

3          The parties have agreed to certain facts that have been stated to you. You should therefore treat

4    these facts as having been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

For the Northern District of California

United States District Court

19

20

21

22

23

24

25

26

27

28

7

1

**EVIDENCE THAT A WITNESS HAS BEEN CONVICTED OF A CRIME**

2

3      The evidence that a witness has been convicted of a crime may be considered only as it may

4  affect the believability of that witness and for no other purpose.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

For the Northern District of California

United States District Court

19

20

21

22

23

24

25

26

27

28

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

For the Northern District of California

United States District Court

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

For the Northern District of California

United States District Court

10

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

For the Northern District of California

United States District Court

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

For the Northern District of California

United States District Court

12

**AGENT AND PRINCIPAL—DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.  One may be an agent without receiving compensation for services.  The agency agreement may be oral or written.

For the Northern District of California

United States District Court

13

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

For the Northern District of California

United States District Court

14

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

United States District Court

For the Northern District of California

## SUMMARY OF PARTIES' CONTENTIONS

San Francisco Bay Area Rapid Transit District ("BART") claims that defendants William D. Spencer, F.W. Spencer & Son, Inc, Brisbane Mechanical Co., William McGahan and Bruce R. Bonar violated the California False Claims Act in connection with work subcontracted to the San Luis Gonzaga/Brisbane Mechanical Co. Joint Venture under major BART construction projects awarded in 1998 and 1999.  BART seeks to recover from these defendants for violations of the California False Claims Act in connection with work performed under BART's construction contracts 12YC-120, the line and track contract, and 12YS-130, the San Bruno station and parking structure contract.  BART claims that defendants created the SLG/BMC Joint Venture as a sham joint venture with a minority-owned construction firm, in order to secure subcontracts as a disadvantaged business enterprise ("DBE").

Defendants deny these claims, and assert several affirmative defenses.

I will now instruct you on the law which applied to these claims and defenses.

For the Northern District of California

United States District Court

16

### THE CALIFORNIA FALSE CLAIMS ACT

The California False Claims Act permits the recovery of civil penalties and treble damages from any person who:

(1)     Knowingly presents or causes to be presented to an officer or employee of the state or of any political subdivision thereof, a false claim for payment or approval; or

(2)     Knowingly makes, uses, or causes to be made or used a false record or statement to get a false claim paid or approved by the state or by any political subdivision; or

(3)     Conspires to defraud the state or any political subdivision by getting a false claim allowed or paid by the state or by any political subdivision.

BART alleges that each defendant violated each of these three subsections of the California False Claims Act.  You must consider the liability of each defendant separately.

**Subsection (1) – Elements:**

In order to prove its claim against each defendant under subsection (1) of the California False Claims Act, BART has the burden of proving each of the following elements by a preponderance of the evidence:

1.     That the prime contractors submitted a payment progress application to BART that was based in part on a fraud committed by the defendant;

2.     That the fraud underlying the progress payment application was "material" to BART;

3.     That the defendant knew that the prime contractor would submit the progress payment application; and

4.     That the defendant knew that the progress payment application would be based, at least in part, on the fraud.

BART must prove each of these four facts by a preponderance of the evidence in order for you to find each defendant liable under subsection (1) of the California False Claims Act.

**Subsection (2) – Elements:**

In order to prove its claim against each defendant under subsection (2) of the California False Claims Act, BART has the burden of proving each of the following elements by a preponderance of the evidence:

    1.    That the prime contractors submitted a payment progress application to BART that was based in part on a false record or statement that the defendant made, used, or caused to be made or used;

    2.    That the false record or statement underlying the progress payment application was "material" to BART;

    3.    That the defendant knew that the prime contractor would submit the progress payment application; and

    4.    That the defendant knew that the progress payment application would be based, at least in part, on the false record or statement.

BART must prove each of these four facts by a preponderance of the evidence in order for you to find the defendant liable under subsection (2) of the California False Claims Act.

**Subsection (3) – Elements:**

In order to prove its claim against each defendant under subsection (3) of the California False Claims Act, BART has the burden of proving each of the following elements by a preponderance of the evidence:

    1.    That the defendant conspired with one or more other persons to defraud BART in connection with getting a false claim allowed or paid by BART;

    2.    That the fraud was "material" to BART;

    3.    That the defendant knew that the prime contractor would submit the progress payment application; and

    4.    That the defendant knew that the progress payment application would be based, at least in part, on the fraud.

BART must prove each of these four facts by a preponderance of the evidence in order for you to find

For the Northern District of California
United States District Court

1  the defendant liable under subsection (3) of the California False Claims Act.

2

3      A preponderance of the evidence means evidence that has more convincing force than that

4  opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either

5  side preponderated, your finding on that issue must be against the party who had the burden of proving

6  it.

7      You should consider all the evidence bearing upon every issue regardless of who produced it.

8

9

10

11

12

13

14

15

16

17

18

For the Northern District of California

United States District Court

19

20

21

22

23

24

25

26

27

28

## EXPLANATIONS OF TERMS USED IN THE FALSE CLAIMS ACT:

**"political subdivision"**

You are instructed that BART is a political subdivision of the state.

**Definition of "person"**

The word "person" includes natural persons and also includes corporations, firms, associations, partnerships, and businesses.  All defendants are "persons" within the meaning of the False Claims Act.

**Definition of "causes" or "causation":**

An act or failure to act "causes" an effect whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the effect, and that the effect was either a direct result or a reasonably probable consequence of the act or omission.

**Definition of "claim":**

"Claim" includes any request or demand for money, property, or services made to any employee, officer, or agent of the state or of any political subdivision, or to any contractor, grantee, or other recipient, whether under contract or not, if any portion of the money, property, or services requested or demanded issued from, or was provided by, the state or by any political subdivision of it.

**Definition of "false claim":**

The claim itself does not need to be false, but only needs to be underpinned by fraud.  Even where the work contract was actually performed to specifications at the price agreed, false claims act liability may still attach where fraud surrounds the efforts to obtain the contract or benefit status, or the payments thereunder.

20

**Definition of "fraud":**

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

**Requirement of materiality**:

The act constituting or causing the false claim must be "material." Materiality depends on whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action.

**Definition of "knowingly":**

"Knowing" and "knowingly" mean that a person, with respect to information, does any of the following:

(A)     Has actual knowledge of the information; or

(B)     Acts in deliberate ignorance of the truth or falsity of the information; or

(C)     Acts in reckless disregard of the truth or falsity of the information.

Proof of specific intent to defraud is not required.

For the Northern District of California

United States District Court

**Explanation of "conspired" and "conspiracy":**

A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing, or may be implied by the conduct of the parties. In this case, BART claims that the individual defendants William D. Spencer, William McGahan and Bruce R. Bonar, and Vergilio Talao, conspired together to get false claims allowed or paid by BART in violation of Subsection (3) of the California False Claims Act. To prove that a defendant is liable for this conspiracy, BART must prove by a preponderance of the evidence that the defendant was aware that the other alleged co-conspirators planned to defraud BART by getting a false claim allowed or paid, and that the defendant agreed with the others and intended that the false claim be allowed or paid by BART. Mere knowledge of a wrongful act, without cooperation or an agreement to cooperate, is

insufficient to make a defendant liable under this subsection.  A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.  BART is not required to prove that each defendant personally committed a wrongful act or that the defendant knew all the details of the agreement or the identities of all the other participants.  A person is liable for acts of a conspiracy of which he was a member even though he may not have been a member of the conspiracy at the time of its inception.  Each co-conspirator is liable for every act previously or subsequently done by any of the others in pursuance of the conspiracy.

For the Northern District of California

United States District Court

**DETERMINING THE NUMBER OF FALSE CLAIMS:**

If you find that any defendant is liable for violation of the California False Claims Act under any one of the three subsections discussed above, you will also be asked to determine the number of false claims for which that defendant is liable.  BART alleges that each defendant is liable for 97 progress payment applications submitted by the prime contractors on the 12YC-120 and the 12YS-130 contracts.

A table is attached to these instructions listing the 97 progress payment applications for which BART is alleging that defendants are liable, including the dates on which each progress payment application was submitted to BART.  You may refer to this list as needed.

For the Northern District of California

United States District Court

23

**DETERMINING OTHER DAMAGES:**

BART also claims that defendants' violations of the California False Claims Act caused BART to suffer damages because BART was forced to investigate and prosecute the prime contractors (Tutor-Saliba and Sverdrup-Conco) for violations of the subcontractor listing laws.  If you find that any defendant violated the California False Claims Act, you must also determine whether any of those violations caused BART to incur costs in investigating and prosecuting the prime contractors for violations of the subcontractor listing laws and if so, how much those costs were.  It is BART's burden to prove, by a preponderance of the evidence, whether any such damages were caused by any defendants' violations of the False Claims Act and if so, what the amount of those damages was.  BART does not have to prove the exact amount of damages.  You must not speculate or guess in awarding damages.

You heard testimony about the Subcontractor Listing Law.  That law provides, in part:

A prime contractor whose bid is accepted may not substitute a person as a subcontractor in place of the subcontractor listed in the original bid, except that the awarding authority, or its duly authorized officer, may consent to the substitution of another person as a subcontractor in various situations;

and

A prime contractor whose bid is accepted may not, other than in the performance of "change orders" causing changes or deviations from the original contract, sublet or subcontract any portion of the work in excess of one-half of 1 percent of the prime contractor's total bid as to which his or her original bid did not designate a subcontractor.

For the Northern District of California

United States District Court

24

**AFFIRMATIVE DEFENSES**

If you find that BART has proved each of the elements required to show a violation of the California False Claims Act, then you must also consider each defendant's affirmative defenses, as to which the defendants have the burden of proof by a preponderance of the evidence.

**1.    Statute of limitations:**

The "statute of limitations" is a law governing when lawsuits must be brought in order to be timely.  Based on the applicable statute of limitations, lawsuits under the California False Claims Act must be brought within three years of the time that the action accrued.  This lawsuit was filed on November 1, 2004, and defendants contend that this was too late, based on the three year statute of limitations.

In this case, in order to determine when the action "accrued" for any given false claim, you must determine when BART knew or should have known of the fraud or falsity committed by defendants in obtaining the subcontracts for SLG/BMC.

If defendants prove, by a preponderance of the evidence, that BART knew of the fraud or falsity committed by defendants before November 1, 2001, then the statute of limitations has expired for any progress payment applications filed before November 1, 2001.

Alternatively, if defendants prove, by a preponderance of the evidence, that BART should have known of the fraud or falsity committed by defendants before November 1, 2001, then the statute of limitations has expired for any progress payment applications filed before November 1, 2001 unless BART proves, by a preponderance of the evidence, that defendants fraudulently concealed the existence of that fraud or falsity so that BART, even acting reasonably, did not know of the existence of the fraud or falsity committed by defendants until November 1, 2001 or later.

**2.    Laches:**

Defendants also claim that this lawsuit was filed too late, based on the doctrine of laches.  The doctrine of laches applies if a plaintiff delays bringing an action for an unreasonable length of time and if the defendant was prejudiced by the delay in bringing the action.  If you find that defendants have proved both unreasonable delay and prejudice, by a preponderance of the evidence, then your verdict must be in favor of the defendants and against plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACH CHART OF PROGRESS PAYMENT APPLICATIONS

For the Northern District of California

United States District Court

1

## DUTY TO DELIBERATE

2    When you begin your deliberations, you should elect one member of the jury as your presiding
juror. That person will preside over the deliberations and speak for you here in court.

3    You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your
verdict must be unanimous.

4    Each of you must decide the case for yourself, but you should do so only after you have
considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your

5    fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not

6    come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you

7    can do so after having made your own conscientious decision. Do not change an honest belief about the
weight and effect of the evidence simply to reach a verdict.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

For the Northern District of California

United States District Court

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court
For the Northern District of California

1

**RETURN OF VERDICT**

2

    A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

United States District Court

For the Northern District of California

19

20

21

22

23

24

25

26

27

28