IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>              Plaintiff,<br><br>   v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>              Defendants.<br>_____ / | No. C 04-04632 SI<br><br>**ORDER DENYING DEFENDANTS' APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

On March 9, 2007, defendants filed a letter brief seeking leave to file a motion for reconsideration of an order issued by the Court on February 27, 2007. For the following reasons, the Court DENIES defendants' application for leave.

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Defendants bring their application pursuant to Civil Local Rule 7-9(b)(3), which provides: "The moving party must specifically show: . . . (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

Defendants seek reconsideration of the February 27, 2007 Order re Form of Judgment, in which the Court rejected a proposed form of judgment filed by the defendants on February 23, 2007, after a jury returned a verdict holding defendants liable for 27 of 97 false claims at issue. In the letter brief accompanying the proposed form of judgment, defendants argued that plaintiff is entitled to no damages because the jury did not find defendants liable for all 97 of the false claims at issue. Defendants based this argument solely on statements made by plaintiff's counsel during argument before the Court

regarding the special verdict form and the jury instructions. Defendants cited no case law or other legal authority in support of their proposed form of judgment.

Defendants now argue that "[t]he Court did not properly consider, in light of prevailing legal authority, the effect that BART's knowledge of the 'false and fraudulent nature of Defendants' acts' had on the falsity of prime contractor pay applications submitted after November 1, 2001." Br. at 1. Defendants also argue that the Court's "Order is contrary to Fed. R. Civ. P. 49(a)," and that plaintiff "completely failed to produce evidence of even one false claim, and . . . completely failed in its burden to establish the number of claims actually submitted." *Id.* at 3, 5. These legal arguments, and the authorities defendants now cite in support, were not "presented" to the Court in the underlying brief, as required by Civil Local Rule 7-9(b)(3). As such, a motion for reconsideration is not warranted.

For the foregoing reasons, the Court DENIES defendants' application for leave to file a motion for reconsideration. (Docket No. 359)

**IT IS SO ORDERED.**

Dated: March 20, 2007

SUSAN ILLSTON
United States District Judge