IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

        Plaintiff,

  v.

WILLIAM D. SPENCER, et al.,

        Defendants.
                                        /

No. C 04-04632 SI

**ORDER RE:  CIVIL PENALTIES**

A jury trial was held in this case from January 22, 2007, to February 15, 2007. Plaintiff San Francisco Bay Area Rapid Transit District ("BART") claimed that defendants William D. Spencer, William McGahan, Bruce R. Bonar, F.W. Spencer & Son, Inc., and Brisbane Mechanical Co., violated the California False Claims Act ("CFCA"), Cal. Gov. Code § 12650 et seq., in connection with work subcontracted to defendants' joint venture under major BART construction projects awarded in 1998 and 1999. BART claimed that defendants created a sham joint venture with a minority-owned construction firm in order to secure subcontracts as a disadvantaged business enterprise ("DBE"). The jury returned a verdict finding defendants William D. Spencer, Bruce R. Bonar, F.W. Spencer & Son, Inc., and Brisbane Mechanical Co.,[1] liable for 27 violations of the CFCA. BART had sought to impose liability for 97 violations. The jury also found that BART knew or should have known of the fraudulent or false nature of defendants' acts before November 1, 2001, i.e., three years before plaintiff filed its claims. In light of this verdict, the Court must determine the number, and amount, of civil penalties to

---

[1] The Jury found that plaintiff had failed to prove any violations by the remaining defendant, William McGahan.

impose against defendants.

Anyone violating the CFCA:

> shall be liable to the state or to the political subdivision for three times the amount of damages which the state or the political subdivision sustains because of the act of that person. A person who commits any of the following acts shall also be liable to the state or to the political subdivision for the costs of a civil action brought to recover any of those penalties or damages, and may be liable to the state or political subdivision for a civil penalty of up to ten thousand dollars ($10,000) for each false claim.

Cal. Gov. Code § 12651(a). The CFCA thus provides for treble damages and a statutory penalty.

Here, plaintiff failed to prove any actual damages. However, despite an inability to establish injury, plaintiff may still receive the statutory penalty for each violation of the CFCA. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999); *City of Pomona v. Superior Court*, 89 Cal. App. 4th 793, 801 (Cal. Ct. App. 2001). As discussed above, the CFCA provides for "a civil penalty of up to ten thousand dollars ($10,000) for each false claim." Cal. Gov. Code § 12651(a); *accord* 31 U.S.C. § 3729 (providing for a "civil penalty" of $5,000 to $10,000 under the federal False Claims Act).

Having considered the evidence presented at trial,[2] the Court agrees with the jury that BART proved, by a preponderance of the evidence, that defendants violated the CFCA by entering into a sham joint venture with a minority-owned subcontractor in order to improve their chances of winning lucrative subcontracts on the construction projects at issue. William Spencer's testimony, attempting to explain his legitimate motives for forming the joint venture, was not credible.

The Court also agrees with the jury, however, that BART slept on its rights. BART knew, or should have known well before November 1, 2001 that defendants had formed the sham joint venture, and had done so for the purpose of securing subcontracts as a DBE. The evidence showed that had BART diligently and competently managed its DBE program, it would have caught defendants' CFCA violations before they came to fruition. BART is therefore not without fault for any injuries resulting from defendants' fraudulent activities, and for the time and cost incurred by all of the parties, and this Court, during this litigation.

---

[2] Including the additional testimony of defendant William Spencer, outside of the presence of the jury.

2

For the foregoing reasons, the Court assesses a civil penalty of $2,500 for each of the 27 false claims found by the jury, for a total of $105,000. The four liable defendants are jointly and severally liable for this amount.[3]

**IT IS SO ORDERED.**

Dated: March 23, 2007

SUSAN ILLSTON
United States District Judge

---

[3] Contrary to plaintiff's assertion, the only reasonable conclusion to be drawn from the jury's verdict is that the four defendants are liable for the same 27 false claims; not 27 separate false claims each, for a total of 108 false claims. The jury could not have found as much, as plaintiffs were only allowed to present 97 false claims to the jury.

3