**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    SAN FRANCISCO BAY AREA RAPID                    No. C 04-04632 SI
     TRANSIT DISTRICT,
9                                                    **CORRECTED ORDER RE:  CIVIL**
                    Plaintiff,                       **PENALTIES**
10

11        v.

12   WILLIAM D. SPENCER, et al.,

13                  Defendants.
                                              /

14

15        A jury trial was held in this case from January 22, 2007, to February 15, 2007.  Plaintiff San

16   Francisco Bay Area Rapid Transit District ("BART") claimed that defendants  William D. Spencer,

17   William McGahan, Bruce R. Bonar, F.W. Spencer & Son, Inc., and Brisbane Mechanical Co., violated

18   the California False Claims Act ("CFCA"), Cal. Gov. Code § 12650 et seq., in connection with work

19   subcontracted to defendants' joint venture under major BART construction projects awarded in 1998

20   and 1999.   BART claimed that defendants created a sham joint venture with a minority-owned

21   construction firm in order to secure subcontracts as a disadvantaged business enterprise ("DBE").  The

22   jury returned a verdict finding defendants William D. Spencer, Bruce R. Bonar, F.W. Spencer & Son,

23   Inc., and Brisbane Mechanical Co.,[1] liable for 27 violations of the CFCA.  BART had sought to impose

24   liability for 97 violations.  The jury also found that BART knew or should have known of the fraudulent

25   or false nature of defendants' acts before November 1, 2001, i.e., three years before plaintiff filed its

26   claims.  In light of this verdict, the Court must determine the number, and amount, of civil penalties to

27

28        [1]The Jury found that plaintiff had failed to prove any violations by the remaining defendant,
     William McGahan.

**United States District Court**
For the Northern District of California

1    impose against defendants.

2         Anyone violating the CFCA:

3    shall be liable to the state or to the political subdivision for three times the amount of
     damages which the state or the political subdivision sustains because of the act of that
4    person.  A person who commits any of the following acts shall also be liable to the state
     or to the political subdivision for the costs of a civil action brought to recover any of
5    those penalties or damages, and may be liable to the state or political subdivision for a
     civil penalty of up to ten thousand dollars ($10,000) for each false claim.
6
     Cal. Gov. Code § 12651(a).  The CFCA thus provides for treble damages and a statutory penalty.
7
8         Here, plaintiff failed to prove any actual damages.  However, despite an inability to establish

9    injury, plaintiff may still receive the statutory penalty for each violation of the CFCA.  *See Harrison v.*

10   *Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999); *City of Pomona v. Superior*

11   *Court*, 89 Cal. App. 4th 793, 801 (Cal. Ct. App. 2001).  As discussed above, the CFCA provides for "a

12   civil penalty of up to ten thousand dollars ($10,000) for each false claim."  Cal. Gov. Code § 12651(a);

13   *accord* 31 U.S.C. § 3729 (providing for a "civil penalty" of $5,000 to $10,000 under the federal False

14   Claims Act).

15        Having considered the evidence presented at trial,[2] the Court agrees with the jury that BART

16   proved, by a preponderance of the evidence, that defendants violated the CFCA by entering into a sham

17   joint venture with a minority-owned subcontractor in order to improve their chances of winning

18   lucrative subcontracts on the construction projects at issue.  William Spencer's testimony, attempting

19   to explain his legitimate motives for forming the joint venture, was not credible.

20        The Court also agrees with the jury, however, that BART slept on its rights.  BART knew, or

21   should have known well before November 1, 2001 that defendants had formed the sham joint venture,

22   and had done so for the purpose of securing subcontracts as a DBE.  The evidence showed that had

23   BART diligently and competently managed its DBE program, it would have caught defendants' CFCA

24   violations before they came to fruition.  BART is therefore not without fault for any injuries resulting

25   from defendants' fraudulent activities, and for the time and cost incurred by all of the parties, and this

26   Court, during this litigation.

27   _____

28        [2]Including the additional testimony of defendant William Spencer, outside of the presence of the jury.

2

**United States District Court**
For the Northern District of California

1    For the foregoing reasons, the Court assesses a civil penalty of $2,500 for each of the 27 false

2   claims found by the jury, for a total of $67,500.  The four liable defendants are jointly and severally

3   liable for this amount.[3]

4

5    **IT IS SO ORDERED.**

6

7   Dated: March 29, 2007                                      _____
                                                               SUSAN ILLSTON

8                                                              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [3]Contrary to plaintiff's assertion, the only reasonable conclusion to be drawn from the jury's
     verdict is that the four defendants are liable for the same 27 false claims; not 27 separate false claims
     each, for a total of 108 false claims.  The jury could not have found as much, as plaintiffs were only

28   allowed to present 97 false claims to the jury.