IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. SPENCER, et al.,<br><br>Defendants.<br>_____/ | No. C 04-04632 SI<br><br>**ORDER RE: CLERK'S TAXATION OF COSTS** |

Plaintiff and defendant William McGahan both have filed motions for review of the clerk's taxation of costs. The motions are scheduled for hearing on November 16, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, the Court hereby GRANTS plaintiff's motion to review the clerk's taxation of costs and DENIES defendant's motion to review the clerk's taxation of costs.

**BACKGROUND**

After a jury trial was held in this case in early 2007, verdicts were entered in favor of plaintiff Bay Area Rapid Transit against defendants William D. Spencer, Bruce R. Bonar, F.W. Spencer & Son, Inc., and Brisbane Mechanical Co. Defendant William McGahan was found not liable. As a result, plaintiff was a prevailing party as to four defendants, while McGahan was also a prevailing party.

Plaintiff and McGahan, as prevailing parties, both moved for costs. The Court denied plaintiff's motion as untimely and, in its May 31, 2007 Order, permitted McGahan to submit a bill of costs to the clerk. On September 28, 2007, the clerk taxed costs against plaintiff and in favor of McGahan in the amount of $59,523.21. The clerk sustained many of plaintiff's objections to McGahan's costs. These motions for review of the clerk's assessment followed.

**LEGAL STANDARD**

An award of costs to a prevailing party is permitted as a matter of course under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Upon motion for review of the clerk's taxation of costs, the clerk's actions may be reviewed by the court. Fed. R. Civ. P. 54(d)(1). The Supreme Court has indicated that on review of the clerk's assessment it is the district court's responsibility exercise its own discretion. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227 (1964), *disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987); *see also* Fed. R. Civ. P. 54(d)(1) ("costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs"). While the decision to award or refuse to award costs is left to the discretion of the district court, *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 ( N.D. Cal. 1996), Rule 54 creates a presumption in favor of awarding costs to the prevailing party, *see Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

**DISCUSSION**

**1.     Defendant's motion for review of the clerk's taxation of costs**

Defendant McGahan asks the Court to award additional costs in the amount of $38,706.14 for court reporter fees and exemplification fees. Plaintiff responds that defendant's motion for review of the clerk's taxation of costs was untimely. The Court agrees. Rule 54 unambiguously states that costs may be taxed by the clerk, and that "[o]n motion served *within 5 days thereafter*, the action of the clerk may be reviewed by the court." Fed. R. Civ. P. 54(d)(1) (emphasis added). Civil Local Rule 54-5 similarly states that "any motion for review of the Clerk's taxation of costs must be filed within 5 days of the entry of the notice of taxation of costs." The clerk's taxation of costs was filed on Friday,

2

September 28, 2007 [Docket No. 412]. Not counting the two weekend days immediately following, any motions for review were due by Friday, October 5, 2007, the fifth day after the taxation of costs was entered. Defendant's motion, however, was not filed until Monday, October 8, 2007, and was therefore untimely.

Defendant argues that Civil Local Rule 54-5 permits courts to consider motions filed within 15 days after taxation of costs, because the rule states that "[i]f no motion is filed within 15 days of the Clerk's taxation of costs, the Clerk's determination of costs shall be final." Federal Rule of Civil Procedure 54(d)(1), on the other hand, does not provide for an additional 10-day window. Although defendant is correct that this Court has previously stated that the local rule "demonstrates that courts *can* consider motions filed more than 5 days after entry of notice of taxation of costs," *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000 (N.D. Cal. 2005) (emphasis added), the circumstances of this case dictate that the Court choose not to consider defendant's motion. Defendant has provided no reasonable explanation of why its motion was untimely, and it would be inequitable to consider defendant's untimely motion when the Court has strictly enforced filing deadlines and has denied as untimely plaintiff's motion for costs. *See* May 14, 2007 Order at 19-20 [Docket No. 401]. The Court DENIES defendant's motion to review the clerk's taxation of costs as untimely.

### 2.     Plaintiff's motion for review of the clerk's taxation of costs

Plaintiff asks the Court to review the clerk's taxation of costs in the amount of $59,523.21 in favor of defendant McGahan, a prevailing party. Plaintiff does not dispute the individual items or amounts, but rather disputes the overall award of costs to McGahan because he was one of five defendants – the rest of whom were not prevailing parties – and there is no evidence he actually incurred the costs himself. Defendant argues in response that he is entitled to costs as a prevailing party and that the burden is on the party contesting the award of costs to prove otherwise.

Defendant is correct that Rule 54 creates a presumption in favor of awarding costs to the prevailing party. *See Ass'n of Mexican-American Educators*, 231 F.3d at 591. The Court therefore disagrees with plaintiff that defendant, though he is a prevailing party, should be awarded zero costs because he has not proven that he himself actually incurred the costs claimed. That said, it would make

3

little sense to award a single defendant a full amount of costs when much of those costs were incurred in defense of other defendants. When presented with unique situations such as this, the Court may exercise its discretion to determine the amount of costs that should be awarded. *See Farmer*, 379 U.S. at 232-33; *In re Media Vision Tech.*, 913 F. Supp. at 1366; Fed. R. Civ. P. 54(d)(1). The Ninth Circuit has held that district courts have discretion to deny costs to a prevailing party for reasons other than misconduct. *Ass'n of Mexican-American Educators*, 231 F.3d at 592-93. Here, the evidence strongly suggests, and defendant has not stated otherwise, that the costs defendant submitted were not incurred solely in relation to his defense but were incurred as part of the defense of all five defendants. For instance, in seeking court reporter and transcript costs, defendant submitted a bill of costs that covers all deposition transcripts and all trial transcripts, even though these documents were undoubtedly shared by all five defendants. *See* Whitfield Decl. at ¶ 8 and ex. 3; *see also* Whitfield Decl. at ¶¶ 4-5 (stating that the firm tracks costs by using a billing code that is assigned to each *case*, not each individual client, and submitting a bill of costs reflecting the total amount of costs for the billing code as a whole).

In this situation, the prevailing defendant is entitled only to a portion of the costs incurred by the entire group of defendants. To hold otherwise would result in a windfall for defendants and "would be 'inequitable under the circumstances,'" *Sheehy v. Town of Plymouth*, 2001 WL 92386 *4 (D. Mass. Jan. 18, 2001) (quoting 10 *Moore's Federal Practice* 3d, § 54.101[1][b] at 54-151). Had defendant submitted some evidence or a declaration explaining what portion of the costs were related to his defense, the Court could use that as a basis for reducing the clerk's taxation of costs. Defendant has not done so, however, and plaintiff correctly notes that an opposing party is in no position to present evidence detailing how another party's costs are allocated. The Court therefore agrees with plaintiff that because McGahan is one of five defendants, he is entitled only to one-fifth, or 20%, of the costs taxed by the clerk. *See Gorelangton v. City of Reno*, 638 F. Supp. 1426, 1433 (D. Nev. 1986). The Court GRANTS plaintiff's motion to review the clerk's taxation of costs. Defendant may collect 20% of the $59,523.21 taxed by the clerk, for a total of $11,904.64.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES as untimely defendant's

4

motion for review of the clerk's taxation of costs [Docket No. 415] and GRANTS plaintiff's motion for review of the clerk's taxation of costs [Docket No. 414].

**IT IS SO ORDERED.**

Dated: November 9, 2007

SUSAN ILLSTON
United States District Judge